COCA-COLA BOTTLING COMPANY OF SOUTHWEST ARKANSAS
*v.* BACON, JUDGE.

4-4482

Opinion delivered October 19, 1936.

*Rowell, Rowell & Dickey,* for petitioner.

*G. W. Lookadoo* and *William F. Denman,* for respondent.

HUMPHREYS, J. This is an application for a writ of prohibition to prevent the circuit judge of Nevada county from proceeding to try the case of Mrs. Susie Walls and W. F. Walls v. Coca-Cola Bottling Company of Southwest Arkansas, on the ground that no proper service has been had upon it. The suit is for damages resulting from drinking a part of a bottle of Coca-Cola manufactured by said company, which contained a spider. The service was obtained by serving a summons in Nevada county upon a truck driver of said company, who was delivering its products to persons engaged in business in said county. The company's place of business was in Camden, in Ouachita county, and it had no branch office or place of business in Nevada county. The service was had under act No. 70 of the Acts of the General Assembly of 1935, p. 157, which is as follows:

"Section 1. When the defendant is the owner or the operator of any motor bus or busses, motor coach or

coaches, or motor truck or trucks, engaged in the business of carrying and transporting either passengers, freight, goods, wares or merchandise over any of the highways of this State, the service of summons may be had upon any such owner or operator by serving same upon any clerk or agent of any such owner or operator selling tickets or transacting any business for such owner or operator, or may be upon any driver or chauffeur of any bus, coach or truck being operated or driven by such driver or chauffeur as a servant, agent or employee of any such owner or operator, and service so had upon the agent or agents of any such owner or operator or had upon any such chauffeur or driver of any such bus, coach or truck being operated or driven by such driver or chauffeur as a servant, agent or employee of any such owner or operator shall be deemed and considered as good and valid service upon such owner or operator whether such owner or operator be a person, firm or corporation.

"Section 2. Nothing contained in this act shall be so construed as to repeal any of the provisions of the law of this state as to venue or service of summons now in effect except where same may be in direct conflict with the provisions hereof, it being the intention of this act to provide further and additional methods of obtaining service of summons as against the owners and operators of motor busses, coaches and trucks, as above set out.

"Section 3. Whereas many motor busses, coaches and trucks are being operated upon the public highways of this state and by reason of their operation persons are being injured and their property damaged and in many instances there is now no agent of the owner or operator of such vehicles upon whom service of summons can be had in counties through which same are being operated, therefore an emergency exists on account of such injuries and damages to persons and property and no adequate provision for service of summons existing, it is found that this act is necessary for the immediate preservation of the public peace, health and safety, and an emergency is hereby found to exist, and this act shall be in full force and effect from and after its passage."

Reading this act from its four corners, the mode or manner of service provided therein has application only to actions for damages to persons or their property occasioned by the negligent operation of motor busses, coaches or trucks on the highways of this state. If the broad construction contended for by respondents were given this act, then the owner operating the motor bus, coach, or truck, engaged in the business of carrying and transporting either passengers, freight, goods, wares or merchandise over any of the highways of this state, might be sued in any county of this state for slander, on open account, note or contract, by serving a summons upon the driver of the motor vehicle. If § 1 of the act were intended to have this meaning, the Legislature would not have incorporated §§ 2 and 3 and especially § 3 in the act, for then there would have been a conflict between §§ 1 and 3 to say the least of it. When the three sections are read together as one act, as they should be, in order to arrive at the intent of the Legislature, they mean that in actions to recover for damages done to persons and property by certain motor vehicles operated on highways of this state by the employees of the owners thereof, when engaged in carrying passengers, freight, goods, wares or merchandise, the owners may be sued in any county in the State by serving a summons on the drivers of such motor vehicles. Construed in this way, the three sections are in harmony and reflect the intent of the Legislature in passing the act.

The temporary writ of prohibition granted by Justice MEHAFFY in vacation is, therefore, made permanent.