COCA-COLA BOTTLING COMPANY OF SOUTHEAST ARKANSAS
v. O'NEAL.

4-4635

Opinion delivered May 3, 1937.

*Sid J. Reid* and *Rowell, Rowell & Dickey,* for appellant.

HUMPHREYS, J.   This suit was filed on July 25, 1936, in the circuit court of Grant county by appellee against appellant to recover damages he sustained from drinking a part of a bottle of Coca-Cola, containing a spider, which soft drink was manufactured and placed upon the market by appellant without having inspected and discovered the foreign substance contained therein, or through a negligent inspection thereof.

A summons was issued and served upon appellant's truck driver in Sheridan, Grant county, on the date the complaint was filed.   It is agreed that appellant had no agent or place of business in Grant county, its place of business being in Pine Bluff, Jefferson county.   At the time the summons was served on appellant's truck driver he was engaged in delivering Coca-Cola to customers in Sheridan, from its place of business in Pine Bluff.

Appellant specially appeared in the circuit court of Grant county, and moved to quash the service, which motion was overruled by the court over the objection and exception of appellant.

The sufficiency of the service was raised at every material step throughout the progress of the trial, which trial resulted in a personal judgment against appellant for $750, from which is this appeal.

Service was attempted under act 70 of the Acts of the General Assembly of 1935.   That act has no application to suits of this character.   It applies only to actions for damages to persons or their property occasioned by the negligent operation of motor buses, coaches or trucks on the highways of this state.   The act relied upon by appellee to justify the rendition of the personal judgment against appellant in the instant case was construed by this court in the case of *Coca-Cola Bottling Company of Southwest Arkansas* v. *Bacon, ante,* p. 6, 97 S. W. (2d) 74, and, under the construction placed upon said act, the service in this case was insufficient to support the personal judgment rendered against appellant.

The judgment is, therefore, reversed, and the case is remanded with instructions to sustain the motion to quash the service.

By appealing the case to this court appellant has not entered its appearance. *Anheuser-Busch, Inc.,* v. *Manion, ante,* p. 405, 100 S. W. (2d) 672.