MISSOURI PACIFIC TRANSPORTATION COMPANY *v.* PIPKIN, JUDGE.

4-5632 133 S. W. 2d 851

Opinion delivered November 27, 1939.

*Rose, Loughborough, Dobyns & House,* for petitioner.

*J. B. Dodds, Dave E. Witt,* for respondent.

BAKER, J. One William Fowler filed his suit in the circuit court of White county against the Missouri Pacific Transportation Company. His suit is based on the alleged negligent operation of the defendant company's bus near or at the terminal depot at the corner of Markham and Main streets in the city of Little Rock, Arkansas. The summons was served upon E. C. Roberson, who sold tickets and maintained a bus station in the city of Searcy, White county.

Petitioner alleges that act 70 of 1935 is the only applicable statute providing for service of summons in this class of cases. The respondent relies upon act 98 of the Acts of 1909, now designated as § 1369 of Pope's Digest, as authority for the service had. The petitioner presents the view that the former statutes are not in themselves sufficient to warrant service upon Roberson, as in this case, as he is not such agent or employee of the transportation company, a foreign corporation, as was contemplated in the aforesaid § 1369 of Pope's Digest, and that a proper construction of act 70 of 1935 is that it is to supply a means of service, or provide for proper service in the particular class of cases mentioned in the said act; that it, therefore, provides for service upon truck and bus companies by serving: 1. The person selling tickets for the company. 2. The chauffeur, operator of the truck or bus.

Quoting from § 2 of said act, we have this expression: "to provide further and additional methods of obtaining service . . . as against . . . the operators of motor buses, coaches and trucks, . . ."

In § 3 of the said act there is a declaration that in view of the fact that people have been injured by the operation of buses and trucks, "and in many instances there is now no agent . . . upon whom service of summons can be had in counties through which the same are being operated, therefore, an emergency exists on account of such injuries and damages to persons and property, and no adequate provision for service of summons existing, it is found that this act is necessary for the immediate preservation of the public peace, health and safety, and an emergency is hereby found to exist

and this act should be in full force and effect from and after its passage.''

It is not difficult to imagine a particular kind of case in which act 70 would be applicable to aid in securing service of summons and the conditions be such that no other statute would provide therefor. For instance, it is not unusual that trucks pass through the state hauling commodities, moving in interstate commerce. There, perhaps, is no office or agent of the owner of such truck in the state. We have also frequently seen buses making special trips into or through the state. The owners of the buses, perhaps, have no agents in the state in connection with that particular kind of business except the drivers of the buses.

The controversy here has its foundation to some extent, at least, in a recent decision of this court, and the petitioner has very carefully and fairly presented the crux of the whole matter in this paragraph:

''Under the holding in *Dixie Motor Coach Corporation* v. *Toler, Judge,* 197 Ark. 1097, 126 S. W. 2d 618, service under act No. 70 of 1935 can only be had in instances where the plaintiff may not obtain service under prior statutes. Here, William Fowler could have obtained service in Pulaski county under prior statutes, and this is the county not only where he resides, but it is the county where the alleged accident happened.''

In the consideration of the foregoing case some members of the court were inclined toward giving act 70 aforesaid a construction whereby it would be held not only a new service statute, but in addition a venue statute for the particular class of cases involved. Upon a full consideration of that proposition, it was finally held that the statute was intended to be a service statute only; that as stated in the act itself, it provided ''for additional methods of obtaining service,'' and it did not impair or take away any of the means for service already existing by law.

The respondent does not insist upon legality of service under act No. 70 aforesaid, but claims that even though act No. 70 had never been passed, the service in this case upon Roberson, a ticket seller, would have

been good and valid service under the laws already appli-cable for more than thirty years. If this position is sound then the petition should be denied.

The facts stated and admitted are to the effect that Roberson operated a cafe or restaurant in the city of Searcy. He had arranged for bus stops at his place of business in the city of Searcy. He had a ticket case fur-nished by the transportation company. He was the only contact between the transportation company and its prospective customers. In this instance, this bus stop, with Roberson as the ticket seller, was the company's place of business. That is true nothwithstanding the fact that selling the tickets by Roberson is merely incidental to the operation of his cafe and other business activities. It was the one authorized or established place in Searcy where prospective passengers could deal with the corpo-ration and buy transportation over its lines.

This corporation was a public service organiza-tion and was offering transportation for hire. Rob-erson was the sole and exclusive representative of the company in this respect.

We must and do take notice of the fact that the ticket seller reports his sales to the master; that one so engaged in a matter so vital to its continued existence in business must be regarded as responsible, who would report the service of a summons upon him, as well as to pay over the money which he collects daily from cus-tomers.

Such was the practical effect of the holding in the case of *Arkansas Power & Light Co.* v. *Hoover,* 182 Ark. 1065, 34 S. W. 2d 464. In that case the agent who was served with summons received and held for collection bills owing by the customers of the company. If the bills were paid, he receipted for the money. If they were not paid, he had no further control or charge of the matter. The court held that under the law this was the establishing or fixing of the place of business as men-tioned in § 1152, Crawford & Moses' Digest, now § 1369, Pope's Digest.

In like manner we held in the case of *Riggs* v. *Clay County Burial Association,* 192 Ark. 994, 96 S. W. 2d 4,

that a collector of dues or premiums paid by members of the burial association was an agent upon whom service could be had at the place of business of the company in the western district of Clay county, though its main office was in the eastern district thereof. A somewhat similar contention prevailed in the case of *Terry Dairy Co.* v. *Parker,* 144 Ark. 401, 223 S. W. 6, wherein an agent for the company whose duties were to receive milk for it and report to the home office the amount of milk he received from each person. It was held in that case that such an agent at the place of business was one upon whom service might be had. See, also, the case of *Sugar Creek Creamery Co.* v. *Fowler,* 195 Ark. 870, 114 S. W. 2d 1057.

So in this case we find no substantial difference in such agencies as just mentioned in the cases cited, and Roberson's employment and relation as agent of the petitioner. The conclusion follows, therefore, that the plaintiff might well have filed his suit and obtained service of summons without having resorted to any of the provisions of act 70 of the Acts of 1935; that being true, the petition should be denied. It is so ordered.