THE BRYANT TRUCK LINES, INC., *v.* NANCE.

4-5680 134 S. W. 2d 555

Opinion delivered December 18, 1939.

*John S. Mosby,* for appellant.
*Gordon Armitage,* for appellee.

SMITH, J. The Bryant Truck Lines, Inc., hereinafter referred to as appellant, is a Missouri corporation engaged in the operation of a line of trucks between and through the states of Missouri and Arkansas. It received, as a carrier, a safe consigned to Neal Peebles in Searcy, White county, Arkansas. The truck upon which the safe was loaded and shipped was driven by Henry Bennett. While the safe was being unloaded at Peebles' place of business in Searcy, it was allowed to fall from the truck, and appellee Nance was injured.

Nance brought suit against Peebles, Bennett and appellant, The Bryant Truck Lines, Inc., to recover damages to compensate his injury. This suit was defended upon the ground that Nance was a mere volunteer in unloading the safe, and had been injured as a result of his own negligence. But before interposing this de-

fense by answer, appellant, Truck Lines, Inc., filed a motion to dismiss as to it, upon the ground that it had not been properly served with process, in that, its agent designated to receive service resided in Poinsett county, and that the suit had been brought in White county (in which county Searcy is located), and its agent had not been served by delivery of summons to him in Poinsett county.

Appellant has reserved throughout the case the question of the sufficiency of the service on it, and filed its answer only after the motion to dismiss had been overruled.

The motion was properly overruled, when made, for the reason that Bennett, the truck driver, was also made a defendant, and personal service had been obtained on him in White county. A judgment was recovered by Nance, which was reversed in the opinion on a former appeal on account of error in certain instructions, and the case was remanded for a new trial. *Bryant Truck Line, Inc.*, v. *Nance*, 196 Ark. 1177, 116 S. W. 2d 1047.

The cause of action was dismissed as to Peebles, and a verdict was returned in favor of Bennett at the trial from which this appeal comes, but there was a verdict and judgment against the appellant Truck Lines, Inc.

It is insisted that, under the authority of § 1400, Pope's Digest, this judgment must be reversed, inasmuch as no judgment was recovered against Bennett. On the other hand, appellee, Nance, insists that proper service was had upon appellant. Over the objection of appellant the sheriff was permitted to amend his return to show that, at the time service was had upon Bennett, personal service was also had upon him as the agent of the appellant Truck Lines, Inc. Appellant maintained no place of business and kept no agent in White county.

A verdict having been returned in Bennett's favor, the case stands as if appellant alone had been sued in White county, and we have for decision the question of the sufficiency of the service upon appellant to confer jurisdiction upon the circuit court of White county.

Appellee insists that the service is sufficient under the provisions of § 1 of act 70 of the Acts of 1935, which appears as § 1377, Pope's Digest, and reads as follows: "When the defendant is the owner or the operator of any motor bus or buses, motor coach or coaches, or motor truck or trucks, engaged in the business of carrying and transporting either passengers, freight, goods, wares or merchandise over any of the highways of this state, the service of summons may be had upon any such owner or operator by serving same upon any clerk or agent of any such owner or operator selling tickets or transacting any business for such owner or operator, or may be upon any driver or chauffeur of any bus, coach or truck being operated or driven by such driver or chauffeur as a servant, agent or employee of any such owner or operator, and service so had upon the agent or agents of any such owner or operator or had upon any such chauffeur or driver of any such bus, coach or truck being operated or driven by such driver or chauffeur as a servant, agent or employee of any such owner or operator shall be deemed as good and valid service upon such owner or operator whether such owner or operator be a person, firm or corpoation."

We do not agree with this contention, for two reasons, the first of which is that appellee's injury was not occasioned by the operation of the truck. There was no allegation or proof of negligence in that respect. The second headnote to the case of *Coca-Cola Bottling Co. of Southwest Arkansas* v. *Bacon, Judge,* 193 Ark. 6, 97 S. W. 2d 74, reads as follows: "Act 70, Acts 1935, p. 157, providing that in actions to recover for damages done to persons and property by certain motor vehicles operated on highways of this State by the employees of the owners thereof, when engaged in carrying passengers, freight, goods, wares, or merchandise, the owners may be sued in any county in the state by serving a summons on the drivers of such motor vehicles, applies only to actions for damages to persons and property occasioned by negligent operation and has no application to an

action for damages resulting from drinking a bottle of Coca-Cola containing a spider."

In that case a writ of prohibition issued against the Nevada circuit court upon the holding that act 70 did not confer jurisdiction upon serving the driver of a truck in a cause of action which did not arise out of the negligent operation of the truck on the highways of the state.

The second reason for holding this service insufficient under act 70 is that service could otherwise have been had without serving the truck driver.

In the later case of *Dixie Motor Coach Corporation v. Toler, Judge,* 197 Ark. 1097, 126 S. W. 2d 618, a writ of prohibition issued against the Hot Spring circuit court, where it was attempted to entertain jurisdiction through service obtained under the provisions of act 70. In that case it was held that an assault upon a passenger by a bus driver was an injury caused by the operation of the bus within the meaning of act 70, but it was, nevertheless, held that the Hot Spring circuit court was without jurisdiction, for the reason that the plaintiff was a resident of Garland county, in which county the bus company maintained an agent upon whom service could be had. It was there said:

"No necessity existed for filing the action in a county other than Garland. There was ample legal facility for service of summons.

"It is our view, therefore, that act No. 70 was intended to afford service rights only in those cases where adequate provisions had not been made by previous statutes, and that it has no application to the case at bar." So, here. Appellant has an agent in Poinsett county, upon whom service might be had. See, also, *Yocum v. Oklahoma Tire & Supply Co.,* 191 Ark. 1126, 89 S. W. 2d 919; *Safeway Cab & Storage Co. v. Kincannon, Judge,* 192 Ark. 1019, 96 S. W. 2d 7; *Coca-Cola Bottling Co. of Southeast Arkansas v. O'Neal,* 193 Ark. 1143, 104 S. W. 2d 808; *Jonesboro Coca-Cola Bottling Co. v. Holt,* 194 Ark. 992, 110 S. W. 2d 535.

It is insisted, however, that the agent for service resident in Poinsett county was served in that county, and that the appellant was, therefore, properly served with process.

The opinion in the case of *Chapman & Dewey Lbr. Co.* v. *Means,* 191 Ark. 1066, 88 S. W. 2d 829, is opposed to that view. The facts in that case were that the Chapman & Dewey Lumber Company, a foreign corporation, had designated one Stayton, a resident of Craighead county, as its agent for service. The lumber company was sued upon an account in the Hot Spring circuit court, and summons was issued to the sheriff of Craighead county directing him to serve Stayton as the agent of the defendant. But Stayton had ceased to be a resident of Craighead county, and had become a resident of Poinsett county, and the sheriff of Craighead county was unable to serve the summons, and thereafter a summons was served upon the Secretary of State for the lumber company. This was held sufficient, but the question was asked, in the opinion, whether, upon this service, the action might be maintained in Hot Spring county. That was the question presented for decision, as it was sought to prohibit the Hot Spring circuit court from entertaining jurisdiction of the cause of action.

As an incident to the suit the plaintiff had an attachment and a writ of garnishment issued upon the allegation that the lumber company owned property and had debts owing to it in Hot Spring county, and for that reason the writ was denied, as it was there said that the Hot Spring circuit court had jurisdiction of the case "to the extent of an action *in rem,*" otherwise the writ would have issued.

The opinion in that case states that "The applicable statute relating to service upon foreign corporations doing business in the state is found in § 1827 of Crawford & Moses Digest. Under its provisions two methods for service are provided: One, upon any agent of the company, and the other by service of process upon the Secretary of State."

There being no defendant before the court in the trial of this case in the court below, after the rendition of the verdict, except appellant, the provisions of § 1400, Pope's Digest, which were invoked in apt time and in a proper manner, apply, and appellant stands as if it had been sued alone in the White circuit court. But it was not sued in the county in which its agent for service resided, and to hold that service sufficient would offend against the rule announced by the Supreme Court of the United States in the case of *Power Mfg. Co.* v. *Saunders,* 274 U. S. 490, 47 S. Ct. 678, 71 L. Ed. 1165. The opinion of the Supreme Court of the United States overruled the opinion of this court appearing in 169 Ark. 748, 276 S. W. 599 (*Power Mfg. Co.* v. *Saunders*), our holding having been that a foreign corporation might be sued in any county in the state upon a transitory action under authority of § 1829, Crawford & Moses' Digest. The effect of the decision of the United States Supreme Court was to invalidate that section of our statute under the construction which we had given it.

It follows, therefore, that the motion to quash the service should have been sustained, and as that question has been properly reserved throughout the trial, the judgment of the court below will be reversed and the cause remanded with directions to quash service upon appellant.