LINDLEY *v.* KINCANNON, JUDGE.

4-5987                                        140 S. W. 2d 1005

Opinion delivered June 3, 1940.

*Rex W. Perkins* and *Pryor & Pryor,* for petitioner.

*F. B. Clement* and *Partain & Agee,* for respondent.

HUMPHREYS, J.  On February 13, 1940, Imogene Clement, F. B. Clement, Jr., and Linda Clement, a minor by her father, F. B. Clement, Jr., as next friend, brought suit in the circuit court of Crawford county, Arkansas, against Lester Lindley and Lester Lindley doing business as a truck line and Lindley Motor Company to recover damages sustained by plaintiffs, who were riding in a Ford automobile as guests of Donald Reed on Highway 64 in Conway county, through the alleged negligence of defendant in operating a large and heavy truck and trailer by Allan Burba, servant, agent, employee and truck driver, acting at the time within the scope of his employment and on the business of the defendant.  The specific allegations of negligence on the part of Allan Burba in operating the truck and trailer of defendant were set out in the complaint.  Damages were prayed in specific sums for the injuries received by each in the collision between the car they were in and the truck and trailer owned by defendant.

A summons was issued against defendant, directed to the sheriff of Crawford county and same was served upon J. B. Pieree, servant, agent, employee and truck

driver of the defendant in charge of and driving his truck for him in Crawford county, Arkansas.

Defendant appeared specially and moved to quash the purported service of summons on the ground that the service of summons was attempted to be had on the defendant under the provisions of Act. No. 70 of the Acts of the General Assembly of the State of Arkansas of 1935 alleging that defendant was a citizen and resident of Washington county at the time the suit was commenced and that plaintiffs were residents of the city of Little Rock in the county of Pulaski in the State of Arkansas, at the time the suit was instituted in Crawford county and that the accident occurred in the county of Conway, State of Arkansas; that the defendant operates and maintains an established place of business in the city of Little Rock, county of Pulaski and had an agent in charge of said business at all times prior to the commencement of this suit and after the occurrence of the accident alleged by the plaintiffs; that service could be had at all times since the commencement of the suit on the defendant in the county of Washington or in the county of Pulaski where plaintiffs reside and that no necessity existed for filing the action in Crawford county and there were ample legal facilities for service of summons in Washington county and in Pulaski county; that the plaintiffs are not entitled to obtain service upon the defendant under the provisions of Act No. 70 of the Acts of the General Assembly of 1935. The prayer was that the service of the summons in the case be quashed.

On the 8th day of March, 1940, which was an adjourned day of the regular November, 1939, term of court, the motion to quash the summons was heard upon testimony introduced *ore tenus* at the bar of the court which testimony sustained the allegations of the motion as to the residence of the plaintiffs and defendant at the time the accident occurred, and the place of the occurrence of the accident, and that the defendant had places of business in Fort Smith, Arkansas, at Little Rock, Arkansas, and in several other counties in the state, but

that he had no place of business in Crawford county, Arkansas. The testimony also reflected that defendant operated trucks and trailers from Springdale, Arkansas, to Little Rock, Arkansas, under a permit from the Arkansas Corporation Commission over highway 64 which passed through Crawford county and other counties between Springdale in Washington county and Little Rock in Pulaski county which were driven over said highways in charge of defendant's servants, agents, employees and truck drivers. The testimony also reflects that the defendant was an individual and not a corporation.

Upon the hearing of the motion, the trial court refused to quash the writ and set the case down for hearing on a future date.

Thereupon the defendant filed an original petition for a writ of prohibition in this court against the Crawford circuit court and J. O. Kincannon, the judge thereof, to prevent them from proceeding with a further hearing of the case on the service obtained and attached all the proceedings in the trial court to the application for the writ of prohibition.

The only question presented on this record is whether an individual who resides in Arkansas and operates a truck line on the highways of this state and negligently injures persons or property who reside in this state may be sued for damages in any county through which he operates by service of summons upon his agent, employee or truck driver under Act. No. 70 of the Acts of the General Assembly of 1935.

The purpose and intent of Act No. 70 of 1935 (§ § 1377-78 of Pope's Digest of the statutes of Arkansas) was declared by this court in the case of *Dixie Motor Coach Corporation* v. *Toler, Judge,* 197 Ark. 1097, 126 S. W. 2d 618, to be as follows (quoting syllabus No. 2): "Act No. 70 which became a law February 26, 1935, without the Governor's signature, was intended to authorize service only in those cases where adequate provision had not been made by previous statutes."

This purpose and intent of the statute was reiterated in the cases of *Missouri Pacific Transportation Co.* v. *Pipkin, Judge,* 199 Ark. 339, 133 S. W. 2d 851, and the *Bryant Truck Lines, Inc.,* v. *Nance,* 199 Ark. 556, 134 S. W. 2d 555.

This is a transitory action and under the general law might be brought against a tortfeasor at his place of business or in any county where he might be found before the passage of Act No. 70 of the Acts of 1935. The respondent contends, however, that if the service is not good under Act No. 70 of the Acts of 1935, it is good under § 1394 of Pope's Digest, which is as follows: "An action against a railroad company, or an owner of a line of mail-stages or other coaches, for an injury to person or property upon the road or line of stages or coaches of the defendant, or upon a liability as a carrier, may be brought in any county through or into which the road or line of stages or coaches of the defendant upon which the cause of action arose passes."

It will be observed that this statute is a venue statute and does not relate to the character of service necessary when suit is brought in any county through which the railroad or line of stages passes. The character of service required under that section was determined by this court in the case of *St. Louis-San Francisco Ry. Co.* v. *Solomon and Weinberg,* 161 Ark. 552, 256 S. W. 862. In that case the court said that the statute providing for service upon railroad companies is § 1147 of Crawford & Moses Digest (§ 1363 of Pope's Digest). In commenting upon that section the court said "the language of our statute clearly means that the service must be upon some agent of the company at a fixed place of business of the company in the county, not a mere agent who happens to be in the county at the time of service. Appellant (the railroad company) maintains no place of business in Greene county, and the operation of trains through the county does not constitute the maintenance of a place of business there in the sense that a conductor in charge of a train has authority to receive service. It might as well be said that service could be had upon a

section foreman passing along the track, because he had charge of the company's business of maintaining the track and was required to report to some superior. We do not think that the language is open to the interpretation, and it follows, therefore, that the service was not sufficient.''

If it be conceded that the respondent is in the same position as the railroad, under § 1363, service could be obtained on the petitioner in Washington county, Sebastian county, Pulaski county and Crittenden county where stations or offices are maintained with agents in charge.

There was a statute passed at the same session of the legislature which passed Act No. 70 of the Acts of 1935 (reference being made to act 74, p. 164, § 1385), both acts having taken effect on the same date, which provides that service could be had upon any person, firm or partnership, wherever such person, firm or partnership maintains more than one office or place of business in the state.

Since other service was available to respondents under the law as well as under Act 74 of the Acts of 1935 we do not think Act No. 70 of the Acts of 1935 has any application to the situation in this case. As stated above respondent could have brought the suit against the petitioner in Washington county where he resides or in Pulaski county where they reside, or in Sebastian county, Pulaski county, Crittenden county and perhaps in other counties where petitioner maintained a place of business, with an agent in charge. Act 70 of the Acts of 1935 was passed for the purpose of obtaining service on a tortfeasor where service could not have otherwise been obtained in this state on him.

The trial court should have quashed the service upon the motion filed by petitioner in the Crawford circuit court and the Crawford circuit court and J. O. Kincannon, the judge thereof, are directed to quash the summons.

MEHAFFY, J., dissents.