JACK BULLARD ET AL v. CROWN COACH CO., A CORPORATION

5-5242                                       453 S. W. 2d 712

Opinion delivered May 18, 1970

*Pickens, Pickens & Boyce,* for appellants.

*Hodges, Hodges & Hodges,* for appellee.

LYLE BROWN, Justice. The sufficiency of service of process in two separate personal injury suits is the subject of this appeal. One suit was filed by Jack Bullard and Ruth Bullard Chambliss, and the other by Benny and Anita Clark. The Bullards and the

Clarks filed suits in Jackson County against Crown Coach Company for damages arising out of a collision, or collisions, with the latter's bus in that county. All plaintiffs were alleged to be residents of Jackson County. Crown Coach is a foreign corporation authorized to do business in Arkansas. Summonses were served in Pulaski County on W. E. Crowder, who was alleged to be amenable to service for Crown Coach. The trial court sustained the bus company's motion to quash service and the Bullards and the Clarks appeal. The only question properly before us is the question of validity of service. That is because the only action taken by the trial court was to quash the summonses.

Service of summons was had on W. E. Crowder, terminal manager for Central Greyhound Lines in Little Rock, Pulaski County. Crown Coach had a contract with Greyhound whereby Crown Coach used Greyhound's terminal facilities. Under the contract, Greyhound's terminal employees sold Crown Coach tickets, handled its freight shipments, and furnished schedule information to Crown Coach customers. At the close of each day's business, Crowder would prepare a daily report on receipts from Crown Coach business and mail it to the latter's home office with check to cover. Crown Coach paid a commission to Greyhound's home office, based on the volume of business.

Appellants do not contend that Crowder was an agent of Crown Coach in the usual sense in which that term is used when referring to agents upon whom process may be served. Rather, they contend the service on Crowder is valid under certain provisions of Ark. Stat. Ann. § 27-343 (Repl. 1962). That section provides, among other things, that service may be had by serving any clerk "selling tickets or transacting any business for such owner or operator."

Section 27-343 is an extraordinary procedure for service of summons; its use is restricted. That restriction was first enunciated in *Dixie Motor Coach Corp.*

v. *Toler*, 197 Ark. 1097, 126 S. W. 2d 618 (1939), where we said the provision "was intended to afford service rights only in those cases where adequate provision had not been made by previous statutes. . ." To the same effect see *Lindley* v. *Kincannon*, 200 Ark. 772, 140 S. W. 2d 1005 (1940).

Appellants recognize the holdings in the cited cases but counter with the assertion that no other method of service was open to them. "Thus the question," say appellants, "is simply were other methods of service open to us other than 27-343." Section 27-350 (Repl. 1962) was a part of our Civil Code:

> *Service on Foreign Corporations*—Where the defendant is a foreign corporation having an agent in this State, the service may be upon such agent.

We have concluded, as apparently did the trial court, that service was available under the recited statute. For several years appellee had a designated agent for service registered with the Secretary of State, but long before the date these cases were filed he died. However, the record shows that Crown Coach did have an agent in this State. It was related that Crown Coach was running five round trips daily between Little Rock and Ft. Smith in Sebastian County. (Its route does not go through Jackson County; the bus involved in the accident was chartered for a special trip.) It was further testified that Crown Coach had a superintendent, Robert Young, stationed at Ft. Smith; and that he resided there and was serving in that capacity before, during, and after the filing of these cases. It was also testified that Mr. Young was registered with the Arkansas Commerce Commission as the designated. resident agent for service in Arkansas, as required by Ark. Stat. Ann. § 73-1778 (Repl. 1957); the trial court could consider that evidence in determining whether Robert Young was a resident agent of appellee. The status of Robert Young, and his relationship with Crown Coach, were questions of fact. *Hot Springs School Dist. No. 6* v. *Surface Combustion Corp.*, 222

Ark. 591, 261 S. W. 2d 769 (1953); *Keith* v. *City of Cave Springs,* 233 Ark. 363, 344 S. W. 2d 591 (1961). The trial court did not state its reason for quashing the summonses but we have no doubt it decided that other service was available under § 27-350. We are unable to say as a matter of law that the trial court was in error.

Appellee cites a number of other statutes under which it is claimed service could have been effected. However, the facts developed before the trial court were directed only at the status of Crowder and Young as regarded their connections with Crown Coach. We perceive that the trial judge reached his conclusions on the basis of the evidence before him and therefore deem it unnecessary to explore the other possibilities.

Affirmed.