SPRATLEY *v.* LOUISIANA & ARKANSAS RAILWAY COMPANY.

Opinion delivered January 13, 1906.

1. VENUE—ACTION AGAINST DOMESTIC CORPORATION.—Under Kirby's Digest, § 6067, providing that, with certain exceptions, actions against a domestic corporation "may be brought in the county in which it is situated, or has its principal office or place of business, or in which the chief officer resides," such corporation may be sued in any county in which it is situated, or has its principal office or place of business, or in which its chief officer resides. (Page 416.)

2. SAME—ACTION AGAINST RAILROAD.—Kirby's Digest, § 6068, providing, that actions against a railroad company upon a liability as carrier may be brought in any county through or into which the road passes, has no application to an action by an employee against a railroad company to recover his wages. (Page 417.)

3. SAME.—An action by an employee to recover his wages from a railroad company will not lie in a county in which the line of its road was not situated, and where neither its principal office or place of business, nor the residence of its chief officer, was situated. (Page 417.)

4. SAME—WAIVER OF OBJECTION.—Where objection to want of venue was made by the defendant in the court below, and overruled, the fact that defendant afterwards went to trial on the merits did not constitute a waiver of the objection. (Page 418.)

Appeal from Miller Circuit Court; JOEL D. CONWAY, Judge; affirmed.

### STATEMENT BY THE COURT.

G. T. Spratley brought suit on January 2, 1903, before W. J. Smithers, a justice of the peace for Garland Township, Miller County, Arkansas, against the defendant, the Louisiana & Arkansas Railway Company, alleging a certain sum to be due him by the defendant for wages.

Service of summons was attempted to be had by delivering a copy thereof to the auditor of said railway in Texarkana, Miller County, Arkansas. It is admitted that the domicil and principal office and place of business of the Louisiana & Arkansas Railway Company is in Stamps, Lafayette County, Arkansas, and that no part of its railroad line lies or is situate in Miller County, Arkansas, and it is further admitted that its president, William Buchanan, does not live in Miller County, Arkansas, but lives in Bowie County, Texas. For the purposes of convenience, the president's office, the auditor's office, the offices of the general passenger and freight agent and the offices of the treasurer and purchasing agent of the Louisiana & Arkansas Railway Company are located in Texarkana, Miller County, Arkansas.

On January 10, 1903, the day summons was made returnable to the justice's court, the defendant appeared, answering solely for the purpose of this summons, and moved the court to quash the summons and service thereof, because the defendant is a corporation organized under the laws of the State of Arkansas, and has

its domicil and principal offices in Stamps, Lafayette County, Arkansas, and because it does not have its principal offices or place of business in Miller County, Arkansas, because its chief officer does not reside in said county, and because none of its road lies or is situate in said county of Miller, and because this defendant can not be legally summoned or required to answer in a suit brought in the county of Miller.

The motion was, by the justice of the peace, overruled, and the defendant answered, "reserving all rights and privileges, and reasserting that it had never been legally summoned herein, and should not be required to answer, and reiterating its motion in the cause to quash the summons herein and the service thereon, and the return thereon, for the reasons set out in its previous motion therefor, and answering under protest."

Judgment was rendered in the justice's court against the defendant, by whom appeal was taken to the Miller Circuit Court.

At the June term, 1903, of the Miller Circuit Court, this cause was continued by consent. At the November term, 1903, of the Miller Circuit Court, the defendant renewed its motion to quash the summons herein, the service thereof and the return thereon made in the court below for the same reasons stated in the justice court. Said motion to quash was sustained by the court, and this cause dismissed. To which order of the court sustaining said motion the plaintiff at the time excepted, said exception was entered of record, and this appeal taken.

*Frank S. Quinn,* for appellant.

1. Where, for convenience, the company established the offices of its president, auditor, treasurer, purchasing agent, and general passenger and freight agent, at Texarkana, in Miller County, that office became its principal office, within the meaning of the statute. 22 Enc. Pl. & Pr. 802, note 3; *Ib.* 804, note 1; 55 Minn. 479; 49 Fed. Rep. 608; *Ib.* 297; 10 Blatchf. 307.

2. Defendant waived its rights under the motion to quash: (1) By filing an answer. 38 Ark. 102; 3 Ark. 436; 7 Ark. 100; 31 Ark. 229. (2) By consenting to a continuance. 4 Ark. 70; 35 Ark. 95; 14 Ark. 234; 35 Ark. 276. (3) By trial of the cause on its merits. 25 Ark. 144; 1 Ark. 99. (4) By appeal from the judgment of the justice of the peace. 45 Ark. 295; 46

Ark. 251; 62 Ark. 144; 66 Ark. 458; 69 Ark. 429.    (5)    By consenting to continuance in circuit court.

*Moore & Moore,* for appellee.

1.    Defendant is a corporation created by the laws of this State.    This action could be brought against it only in the county in which it has its principal office or place of business, or in which its chief officer resides.    Kirby's Digest, § 6067; 8 Rapalje & Mack's Dig. Ry. Law, 3-6 incl.; 78 Ky. 136; 64 N. C. 631; 82 Ga. 149; 39 Am. & Eng. R. Cas. 239; 17 Pac. 859; 22 Enc. Pl. & Pr. 802.

2.    There was no waiver.    Appellee specifically insisted upon its rights under the motion at every step in the proceedings. 59 Ark. 609.

WOOD, J., (after stating the facts.)    Appellee had the cause dismissed under section 6067, Kirby's Digest, which provides that "an action, other than those mentioned in sections 6060, 6061, against a corporation created by the laws of this State may be brought in the county in which it is situated or has its principal office or place of business, or in which its chief officer resides."

For the purpose of service under this statute, a corporation is *situated* where it "has its principal office or place of business." It can be served there, or in the county "in which its chief officer resides," but not elsewhere.    The qualifying term *"principal"* precludes the idea of there being more than one "office or place of business" where the corporation may be served.    If service is had at its office or place of business, to be valid it must be at its "principal" office or place of business, and we cannot construe this to be more than one, without changing the meaning of the word *"principal."*    The language is plain, and nothing is left for construction.    The Legislature evidently had a purpose in using the adjective "principal," and it is our duty to carry out that purpose by giving it its natural meaning, and its restrictive and qualifying effect.

The admission of record is that "its principal office and place of business is at Stamps."    That being true, the further admission that certain officers "for purposes of convenience" have offices in Texarkana, where the business of said offices is conducted principally," must necessarily refer to other than *the principal* office or place of business; otherwise the admission would be contradictory

and nonsensical. The trial court must have found as a fact that the "principal office or place of business" was at Stamps, and we cannot say that such finding is erroneous. It follows that there was no service.

2. Did appellee enter its appearance? It suggested *in limine* the lack of service, and only appeared for the purpose of moving to dismiss. This question is ruled by *Union Guaranty & Trust Co.* v. *Craddock,* 59 Ark. 593, where we held that "under the code of practice, a plea in abatement that the court has no jurisdiction of defendant's person for want of proper service is not waived by pleading in bar to the complaint, nor by appealing from an adverse judgment." There is no doubt but that where a party, who has not been served with summons, answers, consents to a continuance, goes to trial, takes an appeal, or does any other substantial act in a cause, such party by such act will be deemed to have entered his appearance. But this rule of practice does not apply in cases where the party on the threshold objects to the jurisdiction of his person, and maintains his objection in every pleading he may thereafter file in the case. Where he thus preserves his protest, he can not be said to have waived his objection to the jurisdiction of his person.

Affirm.

### ON REHEARING.

### Opinion delivered April 23, 1906.

RIDDICK, J. We have considered the motion to rehear in this case, and are of the opinion that it should be overruled, though a majority of us think that the former opinion delivered in this case should be modified to some extent. The statute provides that an action against a corporation of this State "may be brought in the county in which it is situated, or has its principal office or place of business, or in which its chief officer resides." Kirby's Digest, § 6067. In the former opinion it was said that, within the meaning of this statute, a corporation is situated where it has its principal office or place of business, and that "it can be served there or in the county in which its chief officer resides, but not elsewhere." A further consideration of the case has convinced a majority of the judges that this interpretation of the statute is not quite correct.

It is true that many corporations have their principal office and place of business in the county where the corporation is situated; but they may be separate, and we think that, within the meaning of this statute, a corporation may be situated in one county, its principal office or place of business may be in another, while its chief officer may reside in still another county in the State. Where that is the case, then, under this statute, an action against the corporation may be brought in either of those three counties.

But there is a separate provision as to railroad companies which provides that actions against them for injuries to person or property, or upon a liability as common carrier, may be brought in any county through or into which the road passes. *Id.* § 6068. The words "may be brought" in this statute have the meaning of "shall be brought," and are mandatory. So an action against a railway company for any of the causes named in this section must be brought in one of the counties through or into which the railroad runs.

This is an action against a railway company, but, being brought to recover for value of services alleged to have been performed by the plaintiff for defendant as boilermaker, does not come within the special provision as to railway companies above referred to. If this action had been brought against the St. Louis, Iron Mountain & Southern Railway Company, whose principal place of business in this State is at Little Rock, then, under the law as stated in the former opinion, it could only be brought against the company in Pulaski County, for it is not one of the actions which the statute provides may be brought in any county through which the road runs. That view of the statute is contrary to the established practice in this State, and, it seems to a majority of us, not in accordance with the meaning of the statute. As supporting our conclusion, we refer to some cases from other States where similar statutes were considered. *Bristol* v. *Chicago Ry. Co.,* 15 Ill. 436; *Bank of N. A.* v. *Chicago Ry. Co.,* 82 Ill. 493; *Slavins* v. *So. Pac. Ry. Co.,* 51 Mo. 308; *Crutsinger* v. *Mo. Pac. Ry. Co.,* 82 Mo. 64; *Richardson* v. *Burlington Ry. Co.,* 8 Iowa, 260.

A majority of us, as before stated, think that this action, to quote the language of the statute, "may be brought in any county

27

where the corporation is situated, or has its principal office or place of business, or in which its chief officer resides."

The agreed statement of facts in this case shows that this railway of the defendant company was not located in the county where the action was brought, neither was its principal office, nor the residence of its chief officer there. So, as we said in the former opinion, the action could not be brought in that county.

It will be noticed that this is not a question of service of summons, but of bringing an action in the wrong county. It may be true that, if no objection to the venue had been made in the lower court, it would be too late to make it now. We need not decide that question, for objection was made, and the fact that defendant, after its objection to the venue had been overruled, went to trial on the merits and afterwards appealed from the judgment against it does not prevent it from raising the question of venue in this court.

Motion to rehear overruled.

WOOD and McCULLOCH, JJ., adhere to the construction of Kirby's Digest, § 6067, expressed in the former opinion herein.