PACIFIC MUTUAL LIFE INSURANCE COMPANY *v.* HENRY.

4-3311

Opinion delivered November 27, 1933.

*Powell, Smead & Knox* and *Owens & Ehrman,* for petitioner.

*U. J. Cone,* for respondent.

McHANEY, J. A resident of Ashley County brought suit in the Ashley Circuit Court against petitioner to recover damages for injuries alleged to have been sustained by its negligence in an automobile accident in Pulaski County while being transported to the latter county by it as a witness. Service of summons was had upon petitioner's designated agent for service in Pulaski County, who was also its general State agent.

Petitioner specially appeared in the Ashley Circuit Court, and moved to quash the service on the ground that it is a foreign corporation authorized to do business in Arkansas; that it maintained no office or agent in Ashley County upon whom service of summons could be had; and that the attempted service upon its designated agent

in Pulaski County was unreasonable, discriminatory, arbitrary and in violation of the due process clause of the 14th Amendment to the Constitution of the United States.

A hearing was had on the motion to quash, and it was developed that petitioner does have an agent in Ashley County, appointed by the general agent in Little Rock, with authority to solicit applications for life insurance policies to be issued by petitioner, and that it is doing business in Ashley County by writing insurance on residents of that county on applications taken by such agency. The motion to quash was overruled, and this petition for prohibition challenges the jurisdiction of the respondent's court to hear and determine the matter.

We think the court correctly overruled the motion to quash, and that the Ashley Circuit Court has acquired jurisdiction by the service had under either §§ 1150, 1151 or 1152, Crawford & Moses' Digest. Under § 1150 the service might have been had "upon the chief officer of such agency," petitioner being an incorporated insurance company. Under § 1151 service is authorized on the designated agent, as was done in this case, petitioner being a foreign corporation with an agent in this State. Under § 1152, both foreign and domestic corporations may be sued in any county where they keep or maintain "a branch office or other place of business," and service "upon the agent, servant or employee shall be deemed good and sufficient service upon said corporations," etc. Petitioner contends that it had no branch office or other place of business in Ashley County; that the office kept and maintained in said county was that of its soliciting agent over which it had no control. But the fact remains that it did have an agency in said county and that such agency had an office or place of business where business for petitioner was transacted, applications for insurance solicited, collections made, notes taken, etc., and that it was doing business in said office through said agent. Service might have been had on such agent. The fact that service was had on the agent in Little Rock can therefore make no difference and no contention is

made that service should have been had upon the local agent instead of the State agent.

We therefore hold that the Ashley Circuit Court had jurisdiction of petitioner and that the rule announced in *Power Mfg. Co.* v. *Saunders,* 274 U. S. 490, has no application, because the statute makes no discrimination as between foreign and domestic corporations.

Writ denied.