VIKING FREIGHT COMPANY, INC., *v.* KECK, JUDGE.

4-6386                                    153 S. W. 2d 163

Opinion delivered June 2, 1941.

*Ivy & Nailling,* for appellant.

*Ned A. Stewart* and *Reid & Evrard,* for appellee.

SMITH, J. On the morning of March 22, 1940, a collision occurred on highway 61 in Pemiscot county, Missouri, between a truck and trailer belonging to the Viking Freight Company, Inc., a foreign corporation, petitioner here, and a truck and trailer belonging to B. L. Holmes and driven by O. B. Carpenter. A. M. Sangalli was riding in the cab of the Holmes truck. He brought suit in the circuit court for the Chickasawba district of Mississippi county to recover damages to compensate the personal injury which he alleges he received through the negligence of Roy Myers, the driver of petitioner's truck. Sangalli is a resident of this state. The summons in the case was served upon John W. Newman, petitioner's designated agent for service of process,

in the city of Little Rock, where Newman resides and maintains his office.

A stipulation was filed containing the following recitals. Sangalli is a resident of the state of Arkansas. The defendant freight company is a Missouri corporation, having its office and principal place of business in St. Louis, in said state, and has no office, officer or agent in the Chickasawba district of Mississippi county, nor in the state of Arkansas, except its designated agent for service of process, upon whom summons was served.

The cause of action alleged occurred on United States highway 61 in Pemiscot county, Missouri. The freight company operates a line of trucks between the city of St. Louis, Missouri, and the city of Memphis in the state of Tennessee, through the Chickasawba district of Mississippi county, and through Pemiscot county, Missouri, along United States highway 61, and the alleged cause of action occurred on that highway. The city of Blytheville is the court seat of the Chickasawba district of Mississippi county, Arkansas, and is the most convenient court seat to the scene of the collision.

The defendant freight company, hereinafter referred to as petitioner, appeared specially and filed a motion to quash the service of summons, upon the ground that the circuit court for the Chickasawba district of Mississippi county, Arkansas, was without jurisdiction of the cause of action. The circuit court overruled this motion, and petitioner has applied here for a writ of prohibition, the right to which is dependent upon the question whether the circuit court has jurisdiction to try the case.

The cause of action is predicated upon § 1394, Pope's Digest, which reads as follows: "An action against a railroad company, or an owner of a line of mail stages or other coaches, for an injury to person or property upon the road or line of stages or coaches of the defendant, or upon liability as a carrier, may be brought in any county through or into which the road or line of stages or coaches of the defendant upon which the cause of action arose passes."

It is insisted, upon the authority of the opinion in the case of *The Bryant Truck Lines, Inc.* v. *Nance,* 199 Ark. 556, 134 S. W. 2d 555, that prohibition should be granted. A careful examination of that opinion and of the transcript and briefs upon which the opinion was based discloses that the Bryant case was not predicated upon § 1394, Pope's Digest. None of the briefs contain any reference to it, and it is not certain that the provisions of this section of the statute would have applied if invoked, because the complaint alleged, and the testimony tended to show, that the truck company "makes with its trucks regular and special trips." The act applies to a railroad company or to the owner of "a line of mail stages or other coaches" having definite lines of operation, and localizes cases against such operators to the counties through which they operate. Section 1 of act 70 of the acts of 1935, appearing as § 1377, Pope's Digest, applies also to such operators, but, in addition, applies to all other operators of trucks, busses, etc., whether operating on fixed lines or not.

A re-examination of the briefs as well as the transcript in the Bryant case, *supra,* makes certain the fact that the plaintiff was not asserting any right to sue conferred by § 1394, Pope's Digest. The truck company was sued as a foreign corporation without reference to that section, and it was attempted also to secure service by serving summons upon the driver of the truck, as shown by the sheriff's return, as stated in that opinion. That opinion shows why service under § 1377, Pope's Digest, was insufficient in that case, and also why service upon the designated agent in Poinsett county in a suit pending in White county was insufficient if the truck company was sued as a foreign corporation without reference to or relience upon § 1394, Pope's Digest.

In the instant case the suit is expressly predicated upon § 1394, while the Bryant case was not. Such suits, that is, suits brought under the sanction of § 1394, must be brought "in any county through or into which the road or line of stages or coaches of the defendant upon which the cause of action arose passes." The statute says "may be brought," but these words were construed

to be mandatory and to mean that the action "must be brought in one of the counties through or into which the railroad (or line of mail stages or other coaches) ran." *Spratley* v. *Louisiana & Ark. Ry. Co.,* 77 Ark. 412, 95 S. W. 776; *Chicago, R. I. & P. Ry. Co.* v. *Jaber,* 85 Ark. 232, 107 S. W. 1170.

Now, the cause of action here sued on is transitory in its nature, and might, ordinarily, be sued upon in any jurisdiction where service upon the tortfeasor could be had; but, if brought in this state, it is localized by § 1394, Pope's Digest, and must be brought in a county through or into which the railroad or the stage or other coaches run. It appears, from the stipulation, that petitioner operates only through the counties of Mississippi and Crittenden in this state. So that, if this cause of action is brought in this state, under § 1394, it must be brought in one or the other of the two counties, and not elsewhere, in the state.

The cause of action did not accrue or arise in this state. But, because of its transitory nature, the suit may be brought wherever proper service may be had upon the tortfeasor, and § 1394, Pope's Digest, authorizes the suit to be brought in either Mississippi or Crittenden county. But how may service of process be obtained? Service was in fact had upon the petitioner's agent designated for service in Pulaski county. Was it sufficient? The answer to this question is determinative of the petitioner's right to prohibition.

It is urged that to hold the service sufficient is to offend against the law as declared by the Supreme Court of the United States in the case of *Power Mfg. Co.* v. *Saunders,* 274 U. S. 490, 47 S. Ct. 678, 71 L. ed. 1165. But § 1394 makes no distinction between corporations, whether foreign or domestic, and citizens of the state or of some other state. The act applies equally and alike to corporations, whether foreign or domestic, and to all other owners of such lines, whether corporate or individual. But proper service must be had in any and all cases.

Section 1394 is a venue statute, and we must look to other sections of the statute to determine how service

may be had in a particular case. Under § 1394 all tort-feasors, to whom the provisions of the act apply, whether foreign or domestic corporations, or individual owners, may be required to answer in any of the counties in which the venue is fixed. There is no distinction or discrimination. Petitioner applied for and obtained permission as a foreign corporation to do business in this state, but, as a condition upon which that permission was granted, it was required to designate an agent upon whom process might be served in any cause of action maintainable in this state; and service was had upon that agent.

The questions of venue and of service are not to be confused and treated as identical. So that we must first determine whether the venue was properly laid, and as appears from what has already been said the venue could only be laid in Mississippi or Crittenden county, and the suit was brought in the first named county. The second question is was the service upon the designated agent sufficient? This agent did not reside and was not to be found in Mississippi county or Crittenden county, and the action could not have been brought in the county in which the agent resided and was served, because the statute fixes the venue in another county.

It was held in the case of *Pacific Mutual Life Ins. Co.* v. *Henry,* 188 Ark. 262, 65 S. W. 2d 32, that service on a foreign insurance company's general agent for service in Pulaski county was sufficient to give jurisdiction to the court in another county wherein the insurance company had a local agent.

In the case of *St. Louis S. W. Ry. Co.* v. *Owings, Adm'x,* 135 Ark. 56, 204 S. W. 1146, a transitory suit was brought in St. Francis county, but as the railway company maintained no agent for service in that county, service was had upon the agent for service of the railway company in an adjoining county, and this service was held good.

The case of *Yockey* v. *St. Louis-San Francisco Ry. Co.,* 183 Ark. 601, 37 S. W. 2d 694, was brought under § 1394, Pope's Digest. There, a resident of Missouri sustained a personal injury through the operation of a

train in that state to compensate which he brought suit in a county in this state through which the defendant railroad ran. It was held, after reviewing a number of our cases based upon § 1394, that the action was maintainable in this state where based on service upon an authorized agent of the railway company in this state.

We conclude, therefore, that the venue of this action was properly laid in Mississippi county through which petitioner's line of trucks operate, and that service upon the agent designated to receive service was sufficient and proper.

The prayer for prohibition will, therefore, be denied.

SMITH, J. (Opinion on rehearing, 153 S. W. 2d 167.) In support of the petition for rehearing in these companion cases (*Sangalli* v. *Freight Co.* and *Holmes* v. *Freight Co.*\*) it is insisted that act 314 of the Acts of 1939 prevents the maintenance of these suits in this state, and that this is especially true in the Holmes case. Sangalli is a resident of this state, while Holmes is a resident of the state of Texas, and both were injured in a collision which occurred in the state of Missouri.

These suits — as the original opinions state — are predicated upon § 1394, Pope's Digest. This section permits suits against the common carriers named operating over fixed lines or routes in this state, and upon the authority of the cases cited in the original opinions they may be sued in this state upon causes of action not originating in the state in any county through which their lines or routes run. Act 314 effects no change in this respect. It is a venue act, which does not create or destroy any cause of action. It localizes causes of action originating in this state, and has no application to causes of action arising in some other state. One injured in this state through the wrongful act of another within the meaning of act 314 may sue upon that cause of action in another state if proper service may be had; but if he elects to sue in this state the cause of action must be brought in the county where the injury occurred or in the county in which the plaintiff resided at the time of his injury.

\* See post p. 663.