Missouri Pacific Railroad Company, Thompson, Trustee, *v.* Kincannon, Judge.

4-6516                                             156 S. W. 2d 70

Opinion delivered November 17, 1941.

*Thos. B. Pryor, W. L. Curtis* and *Thomas Harper,* for petitioner.

*R. Edwin Hough, Wall & Green* and *Partain & Agee,* for respondent.

Smith, J. Dave Reed filed a complaint on April 9, 1941, in the Crawford circuit court against the petitioner railroad company and two of its employees in which he alleged that through the negligence of said employees he had sustained a personal injury in the state of Oklahoma of which state the plaintiff, Reed, is a resident. The defendants in the suit objected to the jurisdiction of the court and, when that motion was overruled, filed here a petition for a writ of prohibition restraining the circuit court of Crawford county from proceeding with the trial.

The relief prayed, that of prohibition against the court from proceeding with the trial, is predicated upon act 314 of the Acts of 1939, p. 769, which, in its entirety, reads as follows:

"An act to fix the venue of actions for personal injury and death.

"Be it enacted by the General Assembly of the State of Arkansas:

"Section 1. All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of injury, and provided further that in all such actions service of summons may be had upon any party to such action, in addition to other methods now provided by law, by service of summons upon any agent who is a regular employee of such party, and on duty at the time of such service.

"Section 2. This act shall not repeal any provision for venue of actions except such as are inconsistent herewith and all laws and parts of law in conflict herewith are repealed.

"Section 3. It is found that the revenues of many counties are reduced by paying expenses of courts for the trial of actions brought from other counties to the damage of the taxpayers, and the dockets of the circuit courts in many counties congested and the time of such courts taken up by actions from other counties so that there is not sufficient time for the courts properly to try local cases, and an emergency is thereby created and is declared and this act shall be in force immediately from and after its passage.

"Approved: March 15, 1939."

The legislative journals show that this act was House Bill No. 172, and that it was passed in the House by a vote of 64 for to 21 against, 15 members not voting. Fifty-one votes were necessary for its passage, and it was, therefore, passed in the House. On the adoption of the emergency clause, 63 voted in the affirmative and 21 in the negative, with 16 members not voting. As a two-

thirds vote was required to adopt the emergency clause, that clause failed of adoption. A sufficient vote was cast in the Senate to pass the bill and to adopt the emergency clause.

Now, while the emergency clause was not adopted, for the reason that it did not receive the vote of two-thirds of the members of the House, as required by the Constitution, we may read the emergency clause in determining the legislative intent in passing the bill. This emergency clause states the fact to be that the revenues of many counties of this state had been reduced by having to pay the cost of the trial of actions "Brought from other counties" of the state, and this was the practice which the General Assembly sought to stop. The act was, as its title recites, "An act to fix the venue of actions for personal injury and death," and we think it clear that the act was intended to apply only to causes of action originating in this state. The provisions of the act relating to service of process in such actions emphasize and, we think, demonstrate this fact.

It is frankly conceded that the recent case of *Viking Freight Co., Inc.,* v. *Keck, Judge,* 202 Ark. 656, 153 S. W. 2d 167, is decisive of the question here presented, and that the relief prayed must be denied unless that case is overruled. This we are asked to do chiefly upon the ground that we did not give effect to the adjective "all," modifying the noun "actions" in the first sentence of the act, and that this word "all" should be construed to apply to all personal injury actions, wherever originating.

We think the text does not permit this construction, and that such was not the legislative intent.

The General Assembly did not, of course, attempt to prescribe the venue of actions brought in another state, and could not order that such an action shall be brought in the county of that state where the injury or death had occurred. It relates only to actions for damages for a wrongful act done in this state, and has no relation to wrongful acts resulting in injury committed in another state. As if to make this distinction clear, § 2 of the act provides that "This act shall not repeal any provision for

venue of actions except such as are inconsistent herewith and all laws and parts of laws in conflict herewith are repealed.'' In other words, no attempt was made in act 314 to prescribe the venue of causes not originating in this state.

In this respect, act 314 differs from the statutes of Ohio, construed by the Supreme Court of that state in the case of *Loftus* v. *Pennsylvania R. Co.,* 107 Ohio St. 352, 140 N. E. 94. Our act 314, unlike the statute of Ohio construed in the case just cited, has no application to causes of action originating without the borders of this state. Act 314 prescribes the venue of actions originating in the state, and, as recited in § 2, above quoted, does not repeal any provision of the law relating to the venue of other actions.

It is urged upon us that we did not discuss or mention act 314 in the original opinion in the Viking case, *supra.* This is true. We thought it had no application. In support of the petition for a rehearing in that case it was then urged, as it now is, that act 314 prevents the maintenance in this state of a suit upon a cause of action originating in another state. We there said, as we now say, that ''It (act 314) localizes causes of action originating in this state, and has no application to causes of action originating in some other state.''

Declining, as we do, to overrule the opinion in the Viking case, *supra,* it follows that the writ of prohibition here prayed must be denied, and it is so ordered.