CHAMBERS *v*. GRAY.

4-6657                                    158 S. W. 2d 926

Opinion delivered February 23, 1942.

*John E. Chambers, Jr.,* and *Fergeson & Madole,* for appellant.

*Wm. J. Jernigan, Jr., John T. Jernigan* and *Herman E. McKaskle,* for appellee.

SMITH, J. Appellant filed this suit against appellee in the Danville district of Yell county to recover damages to compensate an injury resulting from an automobile collision which occurred in the State of Oklahoma. Appellant is a resident of the Danville district of Yell county, and appellee is a resident of Pulaski county, in which latter county service of summons upon him was had.

Appellee appeared specially for the purpose of moving to dismiss the case, upon the ground that the Yell circuit court was without jurisdiction. That motion

was sustained, and the complaint was dismissed, from which judgment is this appeal.

Reversal is asked upon the ground that act 314 of the acts of 1939 conferred jurisdiction of the action in the county of appellant's. residence.

Such is not the purpose and effect of that act. The collision occurred in Oklahoma, and act 314 does not relate to or cover it. Such is the holding in the cases of *Viking Freight Co.* v. *Keck, Judge,* 202 Ark. 656, 153 S. W. 2d 167, and *Missouri Pacific Rd. Co.* v. *Kincannon, Judge, ante,* p. 76, 156 S. W. 2d 70. In the last cited case we reaffirmed the holding of the former, and, in so doing, said: "We there said, as we now say, that 'It [Act 314] localizes causes of action originating in this state, and has no application to causes of action originating in some other state."

Appellant has a transitory cause of action, unaffected by act 314, upon which she may sue in any jurisdiction where service may be had. She may sue in the Yell circuit court, if service upon appellee is had in that county, but she cannot maintain the suit in that county upon service had in another county. Section 1398, Pope's Digest.

The case was properly dismissed, and that judgment is affirmed.