THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. BONE, JUDGE.

4-6749                                              160 S. W. 2d 51

Opinion delivered March 23, 1942.

Thos. S. Buzbee and H. T. Harrison, for petitioner.

Kaneaster Hodges, for respondent.

S. M. Bains and H. U. Williamson, amici curiae.

McHANEY, J. Suit was brought in the Jackson circuit court by Miss Elizabeth Smith, a resident of Jackson county, as plaintiff, against petitioners, to recover damages for personal injuries allegedly sustained by her, occasioned by a collision of the automobile in which she was riding with a train of petitioners, at the Biddle crossing on highway No. 65,.in Pulaski county.

Petitioners appeared specially and moved to dismiss. plaintiff's complaint for want of jurisdiction on the ground that the venue of the action was controlled by § 1394 of Pope's Digest and by Act 314 of 1939; that the complaint shows on its face that the plaintiff is a resident of Jackson county and that her injuries were suffered in Pulaski county; and that petitioners do not now nor at the time of the accident, October 20, 1941, nor at the time suit .was brought, own or operate a line of railroad through or into Jackson county.

The trial court, presided over by respondent, overruled said motion, and petitioners have brought this action in this court to prohibit the trial court from proceeding in the trial of said case.

Petitioners state the question to be decided as follows: ''The sole question presented by this proceeding is whether Act 314 of the General Assembly of Arkansas for the year 1939, prescribing the venue of actions for personal injuries and death by wrongful act, repeals § 1394 of Pope's Digest, § 93 of the Civil Code of Arkansas, prescribing the venue of an action against a railroad company for injury to the person or property, in its entirety, or only that part of § 1394 which would allow plaintiffs to sue in counties through or into which the railroad runs other than such counties in which the accident occurred or in which the plaintiff resided at the time of the accident.'' And they further elucidate the question by way of argument with this statement: ''Act 314 and § 1394 of Pope's Digest can stand together and suits against railroads for personal injuries occurring in the operation of the road can be brought in the county where the accident occurred or where the plaintiff resides, except that they must be brought in a county

through or into which the line of railroad runs. Of course, such an accident will always occur in a county into or through which the railroad runs. It could not occur in any other county. But if the person injured does not happen to reside in that county or some other county into which or through which the railroad runs, then the venue of any action which he might institute against the railroad company on account of the injury suffered must be brought in the county in which the accident occurred.''

Prior to the enactment of said Act 314 of 1939, the venue of actions for personal injuries against railroad companies was localized by said § 1394 to "any county through or into which the road . . . of the defendant . . . passes," and the permissive language used in said section, "may be brought," was construed, in *Spratley* v. *L. & A. Ry.,* 77 Ark. 412, 95 S. W. 776, to "have the meaning of 'shall be brought,' and are mandatory. So an action against a railway company for any of the causes named in this section must be brought in one of the counties through or into which the railroad runs.'' But, by § 1 of said Act 314, "All actions for personal injury or death by wrongful act shall be brought in the county where. the accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of the injury, . . ." It appears to us that this language is all inclusive. "All actions for damages for personal injury or. death by wrongful act" means just what it says, and that is that all personal injury actions shall be brought in one of the two ·counties named. It does not say "all actions, except as against railroad companies," but "all actions," and we have several times so held. In *Ft. Smith Gas Co.* v. *Kincannon, Judge,* 202 Ark. 216, 150 S. W. 2d 968, we said: "What was the purpose of Act 314? The answer must be to localize personal injury actions, and to require that they be brought in the county where the injury occurred or where the plaintiff resides, and to repeal so much of § 1398, Pope's Digest, as previously permitted them to be brought in any county where service might be had on the defendant; and, of course, it was contemplated that

they be tried in the county in which they must be brought." See, also, *Terminal Oil Co. v. Gautney, Judge,* 202 Ark. 748, 152 S. W. 2d 309; *Viking Freight Co., Inc., v. Keck, Judge,* 202 Ark. 656, 153 S. W. 2d 163.

In the latter case the Viking Freight Co. was a foreign corporation, authorized to do business in this state with a resident agent for service. It operated a truck line in interstate commerce, passing through the counties of Mississippi and Crittenden in this state. A collision occurred in Missouri between a truck owned and operated by Viking and a truck owned by one Holmes, a non-resident, and driven by one Carpenter, with whom one Sangalli, a resident of this state, was riding, and the latter was injured in the collision. Sangalli brought suit against Viking in Mississippi county to recover damages for the personal injuries sustained by him and Viking sought a writ of prohibition in this court. We denied the writ, holding that § 1394 of Pope's Digest governed the venue and not said Act 314. We there said: "These suits (referring to one by Holmes, a non-resident, as well as to that of Sangalli)—as the original opinions state—are predicated upon § 1394, Pope's Digest. This section permits suits against the common carriers named operating over fixed lines or routes in this state, and upon the authority of the cases cited in the original opinions they may be sued in this state upon causes of action not originating in the state in any county through which their lines or routes run. Act 314 effects no change in this respect. It is a venue act which does not create or destroy any cause of action. It localizes causes of action originating in this state, and has no application to causes of action arising in some other state. One injured in this state through the wrongful act of another within the meaning of Act 314 may sue upon that cause of action in another state if proper service may be had; but if he elects to sue in this state the cause of action must be brought in the county where the injury occurred or in the county in which the plaintiff resided at the time of his injury."

We see no more reason to apply § 1394 to railroad companies, in matters of venue, than to truck lines, since prior to Act 314, actions for personal injuries against

both were governed by that section, and, if Act 314 changes the law of venue as to truck lines in actions originating in this state, as we held in the Viking case, *supra,* by residents of this state, it must of necessity change it also as to railroad companies. If Sangalli had been injured in this state, through the wrongful act of Viking, within the meaning of Act 314, the opinion states he might have sued in another state, if service could be had; but, if he had elected to sue in this state, "the cause of action must be brought in the county where the injury occurred or in the county in which the plaintiff resided at the time of the injury." This Viking case and the case of *Mo. Pac. R. R. Co., Thompson, Trustee,* v. *Kincannon, Judge, ante,* p. 76, 156 S. W. 2d 70, thoroughly settle the proposition that Act 314 relates only to actions for damages for personal injuries caused by wrongful act done in this state. In the latter case, which was a suit for damages for personal injuries received in Oklahoma, we said: "The General Assembly did not, of course, attempt to prescribe the venue of actions brought in another state, and could not order that such an action shall be brought in the county of that state where the injury or death had occurred. It (Act 314) relates only to actions for damages for wrongful act done in this state, and has no relation to wrongful acts resulting in injury committed in another state. As if to make this distinction clear, § 2 of the act provides that 'This act shall not repeal any provision for venue of actions except such as are inconsistent herewith and all laws and parts of laws in conflict herewith are repealed.' In other words, no attempt was made in Act 314 to prescribe the venue of causes not originating in this state." We there declined to overrule the Viking case, as we were asked to do, but expressly followed it, and denied the writ of prohibition.

Petitioners insist that § 1394 has not been repealed by Act 314, § 2 of which is just quoted above. And so it has not, except in so far as it conflicts with Act 314. Under § 1394, the venue in actions such as this lies in any county into or through which a line of the defendant passes, whether the cause originated in or out of this state, but, under Act 314, it lies in one of two counties,

either that of plaintiff's residence or that in which the injury occurred, where the injury occurred in this state. Act 314, being the last enactment on the subject, is in conflict with and repugnant to § 1394, as to causes of action for personal injuries originating in this state and is, of necessity, repealed to this extent, not only because of the repugnancy between them, but because of the express language of § 2 quoted above.

The plaintiff in the suit pending in the Jackson circuit court, being a resident of that county, and having received personal injuries because of the alleged wrongful act of petitioners in Pulaski county, in this state, properly laid the venue in Jackson county, she having her choice as between the two counties, and the petition for a writ of prohibition must be denied.

It is so ordered.

SMITH, J. (dissenting). In my opinion, the majority misconceive and have misapplied the holding in the Viking Freight Company case, 202 Ark. 656, 153 S. W. 2d 163; and this misconception throws the instant case out of alignment with the holding in the case of *Missouri Pacific R. R. Co.* v. *Kincannon, Judge, ante,* p. 76, 156 S. W. 2d 70.

Language quoted in the majority opinion from the Viking case is correctly quoted; but it is now interpreted apart from the context in which it was employed. If the Viking case decides anything, it holds that § 1394, Pope's Digest, was not repealed by Act 314 of the Acts of 1939. It holds also that mail stages and other coaches (including truck lines) having definite fixed lines of operation must be sued in some county through which their line of operation passes, just as in the case of suits again railroad companies, and that suits against any and all such carriers, including railroad companies, must be brought under the provisions of § 1394, Pope's Digest, and not under Act 314.

The error of the majority arises from its misapprehension of the following sentence appearing in the Viking case: "One injured in this state through the wrongful act of another within the meaning of Act 314 may sue

upon that cause of action in another state if proper service may be had; but if he elects to sue in this state the cause of action must be brought in the county where the injury occurred or in the county in which the plaintiff resided at the time of his injury."

It was attempted, in the Viking case, to show that both Act 314 and § 1394, Pope's Digest, were still in full force and effect, and that carriers suable under § 1394 must be sued in conformity with the provisions of that section, without reference to Act 314, the provisions of which Act did not apply to carriers operating over fixed and definite routes.

The opinion in the Viking case reaffirmed the holding of the previous cases which had construed Act 314 to be a venue act, which did not create or destroy any cause of action, and that it localized causes of action originating in this state, but had no application to causes of action originating in some other state.

It was opposed to our construction of Act 314, and it was strongly urged in the brief of an *amicus curiae* that under our construction of Act 314 causes of action to which that Act applied could not be maintained in another state. So we said, although it may have been obiter to have said so, that "One injured in this state through the wrongful act of another within the meaning of Act 314 may sue upon that cause of action in another state if proper service may be had;" and then, further construing Act 314, we said, "but if he elects to sue in this state (under Act 314) the cause of action must be brought in the county where the injury occurred or in the county in which the plaintiff resided at the time of his injury." This language referred, of course, to actions which had been localized by Act 314, and had no reference to causes of action brought under § 1394, Pope's Digest. This is certainly true, because the point involved and the point decided in the Viking case was that the venue of an action of that kind (against the carriers referred to in § 1394) was governed, not by Act 314, but by § 1394, Pope's Digest. Prohibition was denied in the Viking case, and the right to sue was upheld, although

the action was not brought in the county where the injury occurred nor in the county in which the plaintiff resided at the time of his injury. Nevertheless, the plaintiff had the right to sue in a county where the injury did not occur and in which the plaintiff did not reside, because § 1394, Pope's Digest fixed the venue of actions against the carriers mentioned in that section.

Certainly, the opinion in the Viking case makes no distinction as to the venue of suits against railroad companies and truck lines. The express holding of that case is that truck lines must be sued under the statute applying to them and to railroad companies. Section 1394 was held to apply to all the carriers to which the section referred, and it was very definitely held that, as railroad companies must be sued in a county through which their lines operated, so also must the venue be restricted as to other carriers to counties through which their operating routes ran.

The Viking Company operated its lines through only two counties in this state, to-wit: Mississippi and Crittenden, and it was held that a suit against the company brought in this state must be brought in one or the other of these two counties; but could not be maintained in any other county, for the reason that the bus line operated only through these two counties. So, far from distinguishing the venue of suits against railroads from suits against bus lines and other carriers, the opinion identifies the venue and prescribes the same venue as to each, that being limited and defined by § 1394, Pope's Digest.

In the opinion in the Viking case it was said: "In the instant case the suit is expressly predicated upon § 1394 (Pope's Digest)," and, further, that "Such suits, that is, suits brought under the sanction of § 1394, must be brought 'in any county through or into which the road or line of stages or coaches of the defendant upon which the cause of action arose passes'." That opinion proceeded further to say: "The statute says 'may be brought,' but these words were construed to be mandatory and to mean that the action 'must be brought in one of the counties through or into which the railroad

(or line of mail stages or other coaches) ran.' *Spratley v. Louisiana & Arkansas Ry. Co.,* 77 Ark. 412, 95 S. W. 776; *Chicago, R. I. & P. Ry. Co.* v. *Jaber,* 85 Ark. 232, 107 S. W. 1170.''

How, then, can it be said that the opinion in the Viking case defined one venue for suits against railroad companies, and another venue for suits against the other carriers.referred to in § 1394, when the opinion is replete with statements that this section applies to all carriers to which the statute referred? The point decided in that case was that these other carriers must be sued under the statute which applies alike to them and to railroad companies, that is, § 1394, Pope's Digest.

It was not thought—and, certainly, was not decided—in the Viking case that Act 314 had repealed, in whole or in part, § 1394, Pope's Digest. That the Legislature did not intend this result appears to me to be very clear when we read § 2 of Act 314, which reads as follows: ''This act shall not repeal any provision for venue of actions except such as are inconsistent herewith and all laws and parts of laws in conflict herewith are repealed.''

The majority opinion in the instant case, not only overrules the opinion in the Viking case, but also, in effect, repeals § 1394, Pope's Digest. The opinion in the Viking case held that, because of the transitory nature of a suit for damages for a personal injury, such a suit might be brought wherever proper service could be had, but that if brought against the carrier in this state the venue would lie only in Mississippi and Crittenden counties, for the reason that the truck line ran through only those two counties, and the venue in such actions, if brought in this state, was localized in a county through which the lines of the carrier ran.

Another reason for saying that the majority misconceive and misconstrue the Viking case is that the cause of action there sued on did not arise in this state, and it was held in the later case of *Missouri Pacific R. R. Co.* v. *Kincannon, Judge, ante,* p. 76, 156 S. W. 2d 70, that Act 314 had no application to suits upon causes of action which did not arise in this state.

In the Kincannon case, just cited, prohibition was brought to prevent the Crawford circuit court from exercising jurisdiction upon a cause of action originating in another state, and we were asked to overrule the Viking case upon the ground that the opinion in the Viking case did not give effect to the adjective "all," modifying the noun "actions," appearing in the first sentence of the Act, and that this word "all" should be construed to apply to all personal injury actions, wherever originating.

We declined to give the Act that construction, and predicated the opinion in this Kincannon case upon the proposition that the venue in suits against railroads is governed by § 1394, Pope's Digest, and prohibition was denied.

It must also be remembered that the opinion in the Viking case recites that there were two plaintiffs in that case, one a nonresident of this state and the other a resident of this state, and yet it was said very clearly that the suits of these plaintiffs—both of them—were localized to the counties through which the truck line operated.

It seems clear to me that by § 2 of Act 314, above quoted, the Legislature intended to leave unaffected by Act 314 the venue of actions otherwise fixed, and intended to repeal only legislation which was inconsistent with Act 314, and that there was no intention to repeal § 1394, Pope's Digest.

Under the majority opinion, § 1394, Pope's Digest, is virtually repealed. It is no longer necessary to sue a railroad company in some county through which its lines run. A resident of Newton county—in which there is no railroad—may now, under the majority opinion, sue any railroad company in this state, for a personal injury, wherever sustained, provided he was a resident of Newton county when the injury was sustained.

Can it be thought that any such result was intended by the passage of Act 314? Does not § 2 of Act 314, above quoted, indicate that the Legislature did not intend any such result? Was it not the intention of the Legislature to leave undisturbed the venue of such actions as that of *Edwards* v. *Jackson,* 176 Ark. 107, 2 S. W. 2d 44?

There, the plaintiff sued the sheriff of Montgomery county, and the sureties on his official bond, in Polk county, for the alleged wrongful killing of plaintiff's husband. A demurrer to the complaint was sustained upon the ground that the Polk circuit court was without jurisdiction, and in affirming that action it was said (to quote a headnote in that case) that "An action against a sheriff, deputies, members of posse and sureties on sheriff's bond, for killing plaintiff's husband, must be brought in the county where the cause of action arose, under Crawford & Moses' Dig., § 1165."

Has this § 1165, C. & M. Digest, now appearing as § 1387, Pope's Digest, been repealed by Act 314; and, if so, where are we in the matter of jurisdiction as to venue of personal injury actions? That was a suit for a personal injury based upon a wrongful act, but the venue thereof was localized by § 1387, Pope's Digest, just as suits against carriers were localized by § 1394, Pope's Digest, and, in my opinion, these sections of the digest were not repealed or affected by Act 314. I have not investigated to ascertain whether there may not be other sections of the digest invalidated by the majority opinion.

The majority quote and disapprove the following contention of counsel for the railroad company: "Act 314 and § 1394 of Pope's Digest can stand together and suits against railroads for personal injuries occurring in the operation of the road can be brought in the county where the accident occurred or where the plaintiff resides, except that they must be brought in a county through or into which the line of railroad runs. Of course, such an accident will always occur in a county into or through which the railroad runs. It could not occur in any other county. But if the person injured does not happen to reside in that county or some other county into which or through which the railroad runs, then the venue of any action which he might institute against the railroad company on account of the injury suffered must be brought in the county in which the accident occurred."

I think counsel is correct in the contention that suits against a railroad company for personal injury "must

be brought in a county through or into which the line of railroad runs," but I do not concur in the view that the residence of the plaintiff has anything to do with the venue of such an action. In my opinion, the residence of the plaintiff, in a suit of that kind, has nothing whatever to do with the venue of a suit against a railroad or other carrier mentioned in § 1934, Pope's Digest. In my opinion, any person, resident or nonresident, may sue these carriers on a cause of action arising, either in this state or in another state; but if the suit is brought, in this state, it must be brought in some county through which the line of road of the carrier runs, and not in a county through which its line of road does not run. This is true, because § 1394 takes no account of the residence of the plaintiff, and without reference to the plaintiff's residence the venue of suits against railroads and other carriers is fixed in a county, in any county, through which the line of the railroad, or the route of the other carrier, runs. This view comports with the holding in the case of *Missouri Pacific R. R. Co.* v. *Kincannon, Judge, supra.*

For these reasons, I think the Jackson circuit court, through which county petitioner's railroad does not run, is without jurisdiction of the cause of action, and, in my opinion, the writ of prohibition should be awarded.