LEDBETTER, RECEIVER, *v.* SANFORD.

4-8322                                                     205 S. W. 2d 464

Opinion delivered November 10, 1947.

*Tom Kidd,* for appellant.

*Lindell Hile,* for appellee.

ED. F. McFADDIN, Justice. This appeal must be decided on the issue of venue, thus leaving entirely undecided the question of liability.

On January 7, 1946, appellee Sanford received injuries while employed by appellant railway company,

and he brought this action under the Federal Employers' Liability Act (U. S. C. A. Title 45, § 51, *et seq.*). The injury occurred in Hempstead county, Arkansas, of which county Sanford was a resident at the time of the injury. He brought this action in Pike county; and appellant duly and seasonably objected to the venue, and presents that issue in this court.

By Act 314 of 1939, the Arkansas Legislature provided that "all actions for damages for personal injury . . . shall be brought in the county where the accident occurred which caused the injury . . . or in the county where the person injured . . . resided at the time of the injury . . ." In *C. R. I. & P. Ry. Co.* v. *Bone*, 203 Ark. 1067, 160 S. W. 2d 51, and in *Mo. Pac. R. Co.* v. *Kincannon*, 203 Ark. 76, 156 S. W. 2d 70 we held that this 1939 act was determinative of venue in actions brought against a railroad company; so the present action is governed by the said venue Act 314 of 1939, unless the Federal Employers' Liability Act affords a litigant under that act a different venue from that afforded by the state statute. Does it? That is the question posed in this appeal.

In U. S. C. A. Title 45, § 56 the Federal Employers' Liability Act says in part: "The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States, . . ."

Thus, the act confers jurisdiction, but does not mention venue. The Supreme Court of Minnesota discussed the federal statutes in the case of *Doll* v. *C. G. W. Ry.*, 159 Minn. 323, 198 N. W. 1006, and held that, in actions in state courts brought under the Federal Employers' Liability Act, the question of venue was to be settled under the applicable state venue statute, saying:

"The question of the jurisdiction of the state courts to entertain this action being settled by the act of Congress, we are now come to a mere question of venue and not of jurisdiction. Congress may create rights and provide for their enforcement in the state courts . . . But Congress may not go farther and govern the state courts on questions of venue, nor direct where or within what

limited portion of the state its courts may function with respect to cases within their jurisdiction. That is a question for local regulation and state authority. . . .

"To hold otherwise would be to consider the acts of Congress and the rules of the United States District Court governing federal jurisdiction and procedure in the district of Minnesota applicable to and controlling the state courts. In other words, it would have to be considered that section 6 of the Employers' Liability Act by implication has amended, *pro tanto*, the statutes of Minnesota concerning venue."

The Minnesota case was cited with approval by the Supreme Court of the United States in *Bainbridge* v. *Merchants & Miners Transportation Co.*, 287 U. S. 278, 53 S. Ct. 159, 77 L. Ed. 302, which involved a question of venue of state courts in actions arising under the Merchant Marine Act (U. S. C. A. Title 46, § 688). The United States Supreme Court held that the venue was to be determined by the state statute, saying:

"If the question were more doubtful than we think it is, we should be slow to impute to Congress an intention, if it has the power, to interfere with the statutory provisions of the various states fixing the venue of their own courts. It follows that the venue should have been determined by the trial court in accordance with the law of the state."

Since the Merchant Marine Act and the Federal Employers' Liability Act are similarly worded as regards jurisdiction, this holding of the Supreme Court of the United States is highly persuasive on the question here presented. So we hold that the Federal Employers' Liability Act fixes jurisdiction, but that venue is left to the state to determine by its applicable statute; and that the venue for appellee's action, if brought in the state court, must be in Hempstead county, where the appellee resided, and where the injury occurred.

The judgment of the Pike Circuit Court is reversed, and the cause dismissed without prejudice to appellee's right to file an action in the proper venue.