Maurice and Letha Dell DEASON, Guardians of W. J. Reeves, Incompetent, Plaintiffs,

v.

GROENDYKE TRANSPORT, INC., a foreign corporation, and American Fidelity & Casualty Company, Inc., a foreign corporation, Defendants.

Maurice and Letha Dell DEASON, Guardians of W. J. Reeves, Incompetent, Letha Dell Deason, Randall Reeves, Mozelle Littrell, Willie Marie Harper, W. J. Reeves, Jr., Myrna Loy Galloway, Van Galloway and Garry Galloway, Plaintiffs,

v.

GROENDYKE TRANSPORT, INC., a foreign corporation, and American Fidelity & Casualty Company, Inc., a foreign corporation, Defendants.

Civ. A. Nos. 391, 392.

United States District Court
W. D. Arkansas,
Fayetteville Division.

July 30, 1959.

of summons upon them and to dismiss the complaints for lack of jurisdiction.

In the motions it is alleged that the summons was not issued, served nor returned in the form nor in the manner required by law, and that the summons was not served within the jurisdiction of the Circuit Court of Benton County, Arkansas, whence the cases were removed to this court upon the petition of defendants.

In Civil Action No. 391 the defendants in their petition for removal alleged:

"That in said suit there is a controversy which is wholly between citizens and companies of different states and can be fully determined between them, between the plaintiffs who at the time of the commencement of said suit were residents of Rogers, Arkansas, and between the defendants who at the time of the commencement of said suit were and are now corporations, the said Groendyke Transport, Inc. being a corporation organized and existing under and by virtue of the laws of the State of Oklahoma, and American Fidelity & Casualty Company, Inc. being a corporation organized and existing under and by virtue of the laws of the State of Virginia."

In Civil Action No. 392 the same allegation was made with reference to the citizenship of the respective parties, and it is alleged that there is complete diversity between the plaintiffs and the defendants.

The amount involved in each case exceeds the sum of $10,000, exclusive of interest and costs.

In the brief of defendants in support of the motions to quash, it is stated:

"The complaint reflects that this is a suit for personal injuries, etc. arising out of an accident which occurred on the 20th day of March, 1959, in the State of Oklahoma. This action was filed in Benton County, Arkansas, by the plaintiffs as a result of said accident. Service was had on the defendant Groen-

Bob Scott, Rogers, Ark., Venters & Braver, Ardmore, Okl., for plaintiffs.

Crouch, Jones & Blair, Springdale, Ark., for defendants.

JOHN E. MILLER, Chief Judge.

The defendants have filed a motion in each of these cases to quash the service

348

dyke Transport, Inc., by delivering a copy of the summons issued in the Benton County Circuit Court to the Sheriff of Pulaski County upon Bernal Seamster, agent for service for Groendyke Transport, Inc. Service was had upon the defendant American Fidelity & Casualty Company, Inc., by a summons issued out of the Benton County Circuit Court to the Sheriff of Pulaski County delivered to Harvey G. Combs, Insurance Commissioner."

The defendants further stated:

"It is our contention that inasmuch as this action is based upon the accident occurring in the State of Oklahoma it is transitory and must be brought in a jurisdiction where service can be had upon the defendants. Section 27–610 (Ark. Stat.Anno.1947) permits an action for personal injuries to be brought either in the county where the accident occurred or where the plaintiff resides. But our courts have held that this statute applies only to accidents occurring within this state."

The statute above referred to is Section 1 of Act 314 of the Acts of the General Assembly of Arkansas for the year 1939, and is as follows:

"All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of injury, and provided further that in all such actions service of summons may be had upon any party to such action, in addition to other methods now provided by law, by service of summons upon any agent who is a regular employee of such party, and on duty at the time of such service."

The case of Chambers v. Gray, 1942, 203 Ark. 858, 158 S.W.2d 926, was filed in the Circuit Court of Yell County, Arkansas, to recover damages to compensate an injury resulting from an automobile collision which occurred in the State of Oklahoma. The plaintiff was a resident of Yell County and the defendant was a resident of Pulaski County, Arkansas, in which latter county service of summons upon him was had.

Upon motion of defendant, the Circuit Court of Yell County dismissed the complaint for want of jurisdiction. The plaintiff appealed, and reversal was asked upon the ground that Section 1 of Act 314, above set forth, conferred jurisdiction of the action in the county of plaintiff's residence.

The Supreme Court of Arkansas, in disposing of that contention, at page 859 of 203 Ark., at page 926 of 158 S.W.2d, said:

"Such is not the purpose and effect of that act. The collision occurred in Oklahoma, and act 314 does not relate to or cover it. Such is the holding in the cases of Viking Freight Co. v. Keck, [202] Ark. [656], 153 S.W.2d 163, 167, and Missouri Pacific R. Co. v. Kincannon, 203 Ark. 76, 156 S.W.2d 70, 71. In the last cited case we reaffirmed the holding of the former, and, in so doing, said: 'We there said, as we now say, that "It [Act 314] localizes causes of action originating in this State, and has no application to causes of action arising in some other State."'

"Appellant has a transitory cause of action, unaffected by act 314, upon which she may sue in any jurisdiction where service may be had. She may sue in the Yell circuit court, if service upon appellee is had in that county, but she cannot maintain the suit in that county upon service had in another county. Sec. 1398, Pope's Digest.

"The case was properly dismissed, and that judgment is affirmed."

It is admitted that the defendant, Groendyke Transport, Inc., is a corporation organized and existing under and by virtue of the laws of the State of

Oklahoma; that the defendant, American Fidelity & Casualty Company, Inc., is a corporation organized and existing under and by virtue of the laws of the State of Virginia; and that both defendants have complied with Ark.Stat. Ann., Sec. 64–1201 (1957 Repl.), and are authorized to do business in the State of Arkansas and have designated agents upon whom summons may be served; and that the summonses issued by the Benton Circuit Court were served upon the agent so designated by each defendant.

The defendants argue that since the accident occurred in the State of Oklahoma, and since the summonses issued on the complaints were served in Pulaski County upon the designated agents of the defendants, that the court is without jurisdiction to proceed. They state:

> "This action can be brought in Pulaski County if the plaintiffs desire to pursue their remedies in the State of Arkansas. It certainly can be brought in Oklahoma where the accident occurred."

 The case was properly removed to this court, and even though the venue of the case in the state court is not in Benton County, Arkansas, yet there is no question but that the state court did have jurisdiction of the subject matter of each case. Thus the question is narrowed to whether jurisdiction of the person of the defendants was obtained by the service of summons in Pulaski County, Arkansas.

Title 28 U.S.C.A. § 1391(a) provides:

> "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

Both plaintiffs in Civil Action No. 391 reside in Benton County, Arkansas, where the suit was originally filed. One of the plaintiffs in Civil Action No. 392 resides in California; four in Wyoming; and one in Texas. The others reside in Benton County, Arkansas. Thus all of the plaintiffs in Civil Action No. 392 do not reside in Benton County, Arkansas, and the defendants argue that since all of the plaintiffs do not reside in Benton County, the venue was not in Benton County and that the suits could only be maintained in Pulaski County where the service of process was had. However, Title 28 U.S.C.A. § 1391(c) provides:

> "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

As heretofore stated, both defendants are licensed to do business in Arkansas. In Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, it was held that a designation by a foreign corporation, in conformity with a valid statute of a state and as a condition of doing business within it, of an agent upon whom service of process may be made is an effective consent to be sued in the federal courts of that state.

In Ruth v. Eagle-Picher Company, 10 Cir., 1955, 225 F.2d 572, at page 577, Chief Judge Phillips said:

> "The phrase in subsection (c) of § 1391, 'in which it is incorporated or licensed to do business,' merely writes into the venue section the effect of the decision of the Supreme Court in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167. The phrase in subsection (c), 'or is doing business,' extends the philosophy of that case to the act of doing business."

Title 28 U.S.C.A. § 1448 provides:

> "In all cases removed from any State court to any district court of the United States * * * in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."

■ Since the state court had jurisdiction of the subject matter of the suits, there seems to be no reason why new process may not be issued in the same manner as if the cases had originally been filed in this court.

Rule 4(f), F.R.Civ.P., 28 U.S.C.A., provides:

"All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. A subpoena may be served within the territorial limits provided in Rule 45."

In Mississippi Pub. Corp. v. Murphree, 1945, 326 U.S. 438, at page 444, 66 S.Ct. 242, at page 246, 90 L.Ed. 185, the court said:

"Rule 4(f), as explained by the authorized spokesmen for the Advisory Committee, see Proceedings of Washington and New York Institute on Federal Rules, 291, 292; Proceedings of The Cleveland Institute on the Federal Rules, 205, 206, was devised so as to permit service of process anywhere within a state in which the district court issuing the process is held and where the state embraces two or more districts. It was adopted with particular reference to suits against a foreign corporation having an agent to receive service of process resident in a district within the state other than that in which the suit is brought. It was pointed out that the rule did not affect the jurisdiction or venue of the district court as fixed by the statute, but was intended among other things to provide a procedural means of bringing the corporation defendant before the court in conformity to its consent, by serving the agent wherever he might be found within the state. See also Hughes, Federal Practice, Vol. 17, § 18993; Moore, Federal Practice, Vol. 1, pp. 360–361.

"It is true that the service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served. But it is evident that Rule 4(f) and Rule 82 must be construed together, and that the Advisory Committee, in doing so, has treated Rule 82 as referring to venue and jurisdiction of the subject matter of the district courts as defined by the statutes, §§ 51 and 52 of the Judicial Code, 28 U.S.C.A. §§ 112, 113, in particular, rather than the means of bringing the defendant before the court already having venue and jurisdiction of the subject matter. Rule 4(f) does not enlarge or diminish the venue of the district court, or its power to decide the issues in the suit, which is jurisdiction of the subject matter, Industrial Addition Ass'n v. Commissioner, 323 U.S. 310, 313, 65 S.Ct. 289, 291, 89 L.Ed. 260, to which Rule 82 must be taken to refer. Rule 4(f) serves only to implement the jurisdiction over the subject matter which Congress has conferred, by providing a procedure by which the defendant may be brought into court at the place where Congress has declared that the suit may be maintained. Thus construed, the rules are consistent with each other and do not conflict with the statute fixing venue and jurisdiction of the district courts."

In Wilson v. Kansas City Southern Ry. Co., D.C.W.D.Mo.1951, 101 F.Supp. 56, at page 60, Judge Ridge in referring to Sec. 1448, supra, said:

"In a removal action, where service of process had in the State Court has been held defective, further process and service can only be completed under the above statute, so as to give the removal court jurisdiction of the parties, as is provided in Rule 4(d), Federal Rules of Civil Procedure, 28 U.S.C.A. The territorial limits of effective service of process, other than a subpoena, is prescribed by Rule 4(f) as 'within

the territorial limits of the state in which the district court is held.' When after removal it appears that service of process may not be perfected so as to complete the jurisdiction of the removal court, the only recourse of the removal court is to dismiss the action." (Citing cases.)

It thus appears that effective service of process issued out of this court may be obtained in accordance with the holding in Mississippi Pub. Corp. v. Murphree, supra.

Therefore the motions of defendants to quash the service and to dismiss the complaints should be overruled, and the plaintiffs allowed 20 days in which to obtain proper service of summons upon defendants.

An order in accordance herewith is being entered today.