McNUTT v. CARNES.

4-8511                                210 S. W. 2d 290

Opinion delivered April 19, 1948.

*George E. Pike and Botts & Botts,* for appellant.

*Peyton D. Moncrief, Virgil R. Moncrief* and *John W. Moncrief,* for appellee.

McHANEY, Justice. Appellee brought this action against appellant, individually and as trustee, and the DeWitt Cooperative Buyers Association, hereinafter referred to as the Association, of which appellant is the General Manager, to have declared and enforced by specific performance an alleged oral agreement between her and appellant whereby the latter was to bid in and

buy for their joint account certain real estate to be sold by a commissioner at a partition sale on July 22, 1946. Appellee is one of the four heirs of the late J. E. Stephens, who died intestate owning the real property in the City of DeWitt here involved, and a large amount of other real and personal property. The land involved is all of block 4, except the railway, Improvement Company's Addition, and the south part of block A, same addition, being a plot of ground 50 feet wide by 392 feet long, adjacent to said block 4. The Association had been the tenant of Mr. Stephens prior to his death, and of the estate up to the time of the sale and its confirmation, above mentioned, of a warehouse located on a portion of said block 4 and desired to purchase same together with certain vacant property adjacent to said warehouse in said block in the form of a V between the railroad tracks. Appellee desired to purchase the remainder of said block 4 on which two or more residential rental houses were located and which were renting at the time for about $100 per month. She alleged in her complaint that prior to the sale she had an agreement with appellant to the effect that he would bid in the whole of said block 4 for their joint benefit, she to have all the property in said block 4, except the warehouse and the vacant property within the V which was for the Association. The specific allegation is: "After negotiations and discussion between C. L. McNutt, representing the DeWitt Cooperative Buyers Association, and this plaintiff, it was ultimately agreed between defendant C. L. McNutt and plaintiff that said McNutt would at said sale bid on all of said property for and as trustee for the DeWitt Cooperative Buyers Association and this plaintiff and he did so bid and being the highest bidder said property was struck off and sold by the Commissioner to C. L. McNutt, trustee, for sum of $14,000."

She further alleged that she has at all times been ready, able and willing to pay her share of the purchase money and take her part of the property, or, in the alternative, to pay all the $14,000 and take all the property so bid in. She did not allege what her share of the pur-

chase price was to be, but did testify that the basis agreed on was $5,000 for the property the Association wanted and $9,000 for what she wanted.

She further alleged that appellant was acting as trustee for her and the Association and bought the whole of said block 4 and said south part of block A in his name as trustee, but since said sale he has fraudulently repudiated his trust and caused the deed to be executed by the Commissioner to the Association; and that, relying upon said agreement, she refrained from bidding at said sale which she would have done but for said agreement. She tendered "full performance on her part" and prayed that said property be impressed with a trust and that the agreement be enforced.

Appellant and the Association answered with a general denial and particularly that neither appellant nor it had any agreement whatever with appellee as to the purchase of said property in a way that she might have an interest therein. They further stated that after the purchase the sale was approved by order of the court, and, in apt time, the court ordered Commissioner's deed to be executed to the Association which was done, and the purchase price of $14,000 was paid to the Commissioner. They plead the statute of frauds in bar of the action.

Trial resulted in a holding that appellee should not have specific performance of the alleged contract which the court held was established by a preponderance of the evidence, but was entitled to a judgment against appellant in the sum of $1,500. The complaint as to the Association and said property was dismissed as being without equity and judgment was entered against appellant for $1,500, the costs to be paid one-half each by appellant and appellee. Both parties have appealed, appellee having appealed from that part of the decree which dismisses the Association from the action and cross-appealed as against appellant on the ground that the judgment against him for $1,500 is inadequate.

Whether we consider this as an action for specific performance of the alleged oral contract, or one for the establishment and enforcement of a constructive trust in the property, we think the appellee must fail because the alleged agreement has not been established by clear, satisfactory and convincing evidence. The trial court treated it as an action for specific performance. and refused to decree therefor because a part of the property claimed by appellee had been sold. Whether that reason is correct or not we do not decide. But, we have many times held that a court of equity may grant specific performance of a parol contract to convey land only where the evidence of the agreement is clear, satisfactory and convincing. *McKie* v. *McClanahan,* 190 Ark. 41, 76 S. W. 2d 971; *Kranz* v. *Kranz,* 203 Ark. 1147, 158 S. W. 2d 926. The same rule of evidence holds true as to the establishment and enforcement of a constructive trust. In *Eason* v. *Wheeler,* 167 Ark. 320, 268 S. W. 29, we held, to quote headnote 1, that: ''A mere parol agreement by a purchaser of land at execution sale to reconvey the land to the execution defendants upon their reimbursing him for expenses incurred is void within the statute of frauds unless there is established an element of positive fraud whereby the title was wrongfully acquired.'' Assuming, without so holding in this case, that there was here an element of positive fraud whereby the Association acquired the title wrongfully, so as to take it out of the statute of frauds, § 6059, Pope's Digest, still the evidence is insufficient to establish a constructive trust, or, more particularly, a trust *ex maleficio*. In *Eason* v. *Wheeler, supra,* Judge Wood, for the court, quoted with approval from *Tiller* v. *Henry,* 75 Ark. 446, 88 S. W. 573: ''Constructive trust may be proved by parol, but parol evidence is received with great caution, and the courts uniformly require the evidence to establish such trusts to be clear and satisfactory. Sometimes it is expressed that the 'evidence offered for this purpose must be of so positive a character as to leave no doubt of the fact,' and sometimes it is expressed as requiring the evidence to be 'full, clear and convincing' and sometimes expressed

350

as requiring it to be clearly established.' . . . Titles to real estate cannot be overturned by a bare preponder-- ance of oral testimony seeking to establish a trust in opposition to written instruments. The conservatism of the courts has prevented the tenure of realty being based on such shifting sands.''

Here, the appellee testified positively that she had the agreement with appellant set out above. He testified just as postively that he had no such agreement with appellee. There is some corroborative evidence as to each of them, but we are unable to say that the evidence for appellee satisfies the clear and convincing rule as above stated. In fact we are in doubt where the mere preponderance of the evidence lies. This being true appellee must fail, not only as against the Association, but as against appellant as well. It is undisputed that appellant McNutt did not buy for himself, but for his employer, the Association. He received no personal benefit and it is practically undisputed that the land was sold for its fair market value and that its sale resulted in no damage to her, even though she may have been deceived by appellant.

The judgment against appellant McNutt will be reversed and the cause dismissed, and on the appeal of appellee against the Association, the decree will be affirmed.