RANDOLPH *v.* RANDOLPH.

4-9012                                   224 S. W. 2d 809

Opinion delivered December 5, 1949.

*Max M. Smith,* for appellant.

*Brockman & Brockman,* for appellee.

HOLT, J.   The parties to this action are the children and sole heirs of F. S. and Maggie Randolph, both now

deceased, (Mr. Randolph having died in 1938 and Mrs. Randolph in 1942). At their death these parents owned a 200-acre farm in Cleveland County.

October 29, 1943, six of the children, Henry, Malcolm, and James Randolph, Lavicie Randolph Attwood, Edna Randolph Wilson and Olive Randolph Strahan conveyed their interest in this property by warranty deed to their brother, Joe R. Randolph. Following the execution and receipt of this deed, Joe took possession, sold 40 acres of the tract, and dealt with the property as his own.

December 2, 1946, appellants, Henry Randolph and his sister, Lavicie Attwood, brought the present suit, alleging, in effect, that they, together with their brothers and sisters, executed the deed to the land to their brother, Joe, under an oral agreement and understanding with him that after a sale of the timber from the property and the payment to the other heirs of $10 per acre for their interests, Joe would convey to Henry Randolph an undivided one-half interest in said land. They further alleged that Joe obtained the deed fraudulently with the intent to cheat Henry out of his interest in the property; that Henry received no consideration for executing the deed in question; that Joe and Henry had entered into a partnership agreement to handle the land and by taking title in himself, Joe had established a resulting trust in favor of Henry.

They prayed that Joe be declared a trustee for Henry, that he be required to convey said interest to Henry, and for damages.

Joe and his wife, Lelia, answered with a general denial.

Upon a hearing, the trial court found all issues in favor of appellees and dismissed the complaint of appellants for want of equity.

This appeal followed.

Appellants say: "The evidence in this case is of that clear, cogent, satisfactory and convincing type that brings

the action within that class of cases where equity will declare a resulting trust.''

The primary and decisive question is one of fact.

The evidence disclosed that at the time Mr. and Mrs. Randolph, parents of the parties here, died intestate, they owned the 200-acre farm here involved. Prior to their deaths, they had given and conveyed to their son, Henry, 40 acres of land. There is no evidence of a similar gift to any of the other children. This farm was commonly known as hill land and in a run-down condition. The dwelling house was also in a poor state of repair. Some of the children desired to sell their respective interests for a consideration of $10 per acre. Joe and Henry discussed buying the interest of the other heirs, but Malcolm would not agree to his brother, Henry, receiving any share or interest in the property and so advised his brother, Joe. All of the heirs except Henry and Mrs. Attwood were willing to sell their interest direct to Joe and finally, according to Joe's version and other evidence tending to corroborate him, Henry relinquished any and all claim or interest in the land to Joe and signed and executed the deed in question to Joe. Mrs. Attwood, together with the other four heirs also executed the deed to Joe. Mrs. Attwood and Henry both knew at the time they signed the deed that their brother, Malcolm, had executed the deed with the understanding that Henry was to receive no interest in the property. Mrs. Attwood testified that she wanted her interest divided equally between Joe and Henry because ''they had done things for Mamma and Papa that she could not do.''

Henry testified that his and Joe's original plan was to sell the timber on the place and with the proceeds buy out the other heirs, and he, Henry, was to get half of the land and Joe the other half. Joe presented the plan to the other heirs, but Malcolm refused to sign the deed if he, Henry, were to get any part of the land; that upon receipt of this information from Joe that he and Joe agreed that the deed should be made to Joe by all the heirs and that he and Joe would divide the property later, and further: ''Then what I am getting at, Mr.

Henry, is did you have in your mind that when Joe went down to get Malcolm to sign the deed to his part, that he would mislead Malcolm into believing you were not in on the deal to get him to sign the deed? A. That's what we agreed upon.''

Joe testified: ''And so brother Henry told me if I would go ahead and buy the others out he would sign it over to me and get out of it, so I did it.''

Joe further testified that he was present when each of his brothers and sisters signed the deed and represented to each that he, Joe, was buying it for himself outright and that he had no agreement with Henry to deceive Malcolm and thereby get him to sign the deed. He testified that he did not agree with Henry to divide the property with him after he had procured the deed to it.

We do not attempt to detail all of the testimony. Some of it is in conflict. It suffices to say, however, that upon consideration of all the evidence, we think it falls far short of establishing a resulting or constructive trust by that clear, cogent and convincing evidence required.

''Resulting trusts arise where the legal estate is disposed of or acquired, not fraudulently or in the violation of any fiduciary duty, but the intent, in theory of equity, appears or is inferred or assumed from the terms of the disposition, or from the accompanying facts and circumstances, that the beneficial interest is not to go with the legal title.'' *Stacy* v. *Stacy,* 175 Ark. 763, 300 S. W. 437.

In the very recent case of *Roller* v. *Roller,* 214 Ark. 382, 216 S. W. 2d 399, we held that (Headnote 3) : ''A resulting trust will be decreed only on evidence that is clear, cogent and convincing.'' This rule has been many times announced by this court.

Here, as indicated, the evidence, we think, is not sufficient to show that the beneficial interest was not to go with the legal title or that Joe would acquire the property and hold any part of it in trust for Henry. Nor was the evidence sufficient to meet the test required that would warrant a court of equity to grant specific per-

formance of a parol contract to convey land, which is the same as that required to establish a resulting trust.

In *McNutt* v. *Carnes,* 213 Ark. 346, 210 S. W. 2d 290, we said: "We have many times held that a court of equity may grant specific performance of a parol contract to convey land only where the evidence of the agreement is clear, satisfactory and convincing. *McKie* v. *McClanahan,* 190 Ark. 41, 76 S. W. 2d 971; *Kranz* v. *Kranz,* 203 Ark. 1147, 158 S. W. 2d 926."

No error appearing, the decree is affirmed.